UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SGP ACQUISITION, LLC,<br><br>    Debtor.<br>_____ | Chapter 11<br>Case No. 04-13382 (PJW) |
| SLAZENGERS LIMITED; DUNLOP SLAZENGER INTERNATIONAL LIMITED; DUNLOP SPORTS GROUP AMERICAS, INC.; DUNLOP SLAZENGER MANUFACTURING LLC,<br><br>    Appellants,<br><br>    against<br><br>SGP ACQUISITION, LLC; CREDITORS' COMMITTEE OF SGP ACQUISITION, LLC; PROVIDENT BANK; KIMOLOS II, L.P; ZAPIS CAPITAL; and BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP,<br><br>    Appellees.<br>_____ | Civ. No. 05-cv-00563-UNA |

**MOTION OF SLAZENGER GROUP FOR EXPEDITED
CONSIDERATION OF APPEAL UNDER FED. R. BANKR. P. 8011**

Slazengers Limited; Dunlop Slazenger International Limited; Dunlop Sports Group Americas, Inc.; and Dunlop Slazenger Manufacturing LLC (collectively, the "Slazenger Group"), move under Rule 8011 of the Federal Rules of Bankruptcy Procedure for entry of an order scheduling a hearing on, and for expedited consideration of, the Slazenger Group's appeal (the "Appeal") under 28 U.S.C. § 158(a) from the July 15, 2005 order (Bankr. D.I. 386) entered in the above-captioned case by the United States

9923104.5

Bankruptcy Court for the District of Delaware, a copy of which is attached hereto as Exhibit A (the "Order"), approving (i) a settlement agreement (the "Settlement Agreement") between SGP Acquisition, LLC ("SGP"), SGP's creditors' committee (the "Committee"), the Provident Bank ("Provident"), Kimolos II, L.P. ("Kimolos"), Zapis Capital ("Zapis") (Kimolos and Zapis referred to collectively as the "Insiders") and Benesch, Friedlander, Coplan & Aronoff LLP, and (ii) approving and setting forth terms for financing by SGP's insider, Kimolos (the "Supplemental Insider Financing"), as follows:

## Background

1. SGP commenced its chapter 11 case on November 30, 2004. The SGP case is now a liquidation, with SGP seeking to liquidate its assets and wind down its affairs. According to SGP, its largest asset is a suit against the Slazenger Group (the "Dunlop Suit").

2. SGP moved for approval of the appealed from Settlement Agreement on July 1, 2005. SGP stated that Kimolos, an Insider, intended to provide the Supplemental Insider Financing, but that the parties were "documenting the detailed terms of [the Supplemental Insider Financing]" and that once the documents were prepared, SGP would "file a separate motion for approval of the debtor in possession financing arrangement outlined in the [Settlement Agreement]." Motion For Entry Of An Order Approving Settlement Agreement Between the Debtor and Other Key Parties In Interest In This Chapter 11 Case (the "Settlement Motion"), at 7 n.1.

3. Late on July 13, 2005 – the day before the scheduled July 14, 2005 hearing on the Settlement Motion – SGP filed a proposed order that, in addition to approving the Settlement Agreement, set forth for the first time all of the terms for the Supplemental Insider Financing (the "Proposed Order").

4. Despite the absence of a record and the inadequate notice,[1] the bankruptcy court approved the Supplemental Insider Financing. The Order provides that Kimolos, an Insider, may advance to SGP up to an aggregate amount of "$300,000 or such larger amount subsequently agreed in writing by [Kimolos], [SGP], and the Committee. . ." *See* Order ¶ 3(a). The bankruptcy court authorized SGP to use the Supplemental Insider Financing to fund: (i) costs and expenses associated with SGP's pursuing the Dunlop Suit in accordance with a budget (the "Budget");[2] and (ii) costs of administration of SGP's estate with respect to a wind-down plan after the October 1, 2005 termination of the current financing order with Provident.

5. The bankruptcy court denied the request by the Slazenger Group for a stay pending an appeal of the Order. Hearing Transcript at 24:2-11; 26:20 (July 14, 2005).

---

[1] For proposed debtor-in-possession financing, Federal Rule of Bankruptcy Procedure 4001(c) requires at least 15 days notice and disclosure of the financing terms. The notice period may not be reduced by the court. *See* Fed. R. Bank. P. 9006(c)(2).

[2] The Order erroneously refers to an attached budget as Exhibit 2, but no such attachment exists. A budget was, however, attached to the Proposed Order (a copy of which is attached as Exhibit B), served and filed by SGP on July 13, 2005, the day before the hearing on its motion to approve the proposed insider compromise. We refer here to the budget that is attached to the Proposed Order, the only one in the record.

...
.

6. The Order does not contain any restrictions on when SGP can start borrowing funds under the Supplemental Insider Financing for purposes of funding costs and expenses associated with the Dunlop Suit. The Budget reflects that SGP may borrow funds under the Supplemental Insider Financing as early as the first week of October to fund costs of administration of SGP's estate. *See* Budget (Ex. B). Presumably, the Supplemental Insider Financing will be implemented in October 2005, or sooner.

### Request for Expedited Consideration

7. To the extent that funds are actually borrowed and expended under the Supplemental Insider Financing, the Appeal – no matter how meritorious – will likely be attacked by SGP and other parties to the Settlement Agreement as moot and subject to dismissal. The Appeal, therefore, should be disposed of, if at all possible, before SGP borrows under the Supplemental Insider Financing. The Court can also thus avoid an emergency hearing for a stay pending appeal under Federal Rule of Bankruptcy Procedure 8005.

8. The Slazenger Group requests expedited consideration of the Appeal under Federal Rule of Bankruptcy Procedure 8011 ("A request for an order or other relief shall be made by filing with the clerk of the district court . . . a motion for such order or relief . . . ."). The Slazenger Group is not requesting abbreviation of the briefing schedule provided in Federal Rule of Bankruptcy Procedure 8009 for SGP and the other appellees. They cannot claim prejudice, therefore, by a prompt disposition of the Appeal. The Slazenger Group has already done everything possible to perfect its appeal, and will file its opening brief prior to or on the date of the hearing on this Motion. In accordance with Federal Rule of Bankruptcy Procedure 8009, the appellees' answering briefs must be filed

and served within 15 days after the opening brief is served, and the Slazenger Group's reply brief will be due 10 days thereafter. Accordingly, all briefing can be completed before Labor Day. The Slazenger Group, therefore, requests that the Court schedule argument on the Appeal during the week of September 6, 2005, or as soon thereafter as possible.

**WHEREFORE**, and for the reasons set forth herein, the Slazenger Group prays that the Court (i) expedite consideration of the Appeal, (ii) schedule argument on the Appeal for the week of September 5, 2005, or as soon thereafter as possible, and (ii) grant the Slazenger Group such further relief as is just.

Dated: Wilmington, Delaware
       August 4, 2005

                        Zuckerman Spaeder LLP

                        By: _____
                              Thomas G. Macauley (ID No. 3411)
                        919 Market Street
                        Suite 990
                        Wilmington, DE 19801
                        (302) 427-0400

                        -and-

                        Schulte Roth & Zabel LLP
                        Michael L. Cook (MLC-7887)
                        David M. Hillman (DMH-8666)
                        Sophie S. Kim
                        919 Third Avenue
                        New York, New York 10022
                        (212) 756-2000

                        -and-

>Haynsworth Sinkler Boyd, P.A.
>Andrew J. White, Jr.
>Jesse C. Belcher
>75 Beattie Place
>Two Liberty Square
>Greenville, South Carolina 29601
>(864) 240-3200
>
>Counsel for Slazengers Limited, Dunlop Slazenger International Limited, Dunlop Slazenger Manufacturing LLC and Dunlop Sports Group Americas, Inc.

### Statement Pursuant to Del. Dist. LR 7.1.1

I spoke with counsel for SGP and counsel for Provident and left a message with counsel for the Committee in an effort to see whether they had any objection to the relief sought by the Motion. Because of summer schedules, I do not expect to hear back from counsel until next week whether their clients have any objections to the relief requested. Once I hear back from the various parties to this appeal, I will cause an amended statement to be filed with the Court.

Thomas G. Macauley