UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| SGP ACQUISITION, LLC, | ) ) | Case No. 04-13382 (PJW) |
| Debtor. | ) ) ) | |
| SLAZENGERS LIMITED; DUNLOP SLAZENGER INTERNATIONAL LIMITED; DUNLOP SPORTS GROUP AMERICAS, INC.; DUNLOP SLAZENGER MANUFACTURING LLC, | ) ) ) ) ) ) ) | Civ. No. 05-cv-00563-GMS |
| Appellants, | ) ) | |
| against | ) ) | |
| SGP ACQUISITION, LLC; CREDITORS' COMMITTEE OF SGP ACQUISITION, LLC; PROVIDENT BANK; KIMOLOS II, L.P; ZAPIS CAPITAL; and BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, | ) ) ) ) ) ) ) | |
| Appellees. | ) ) | |

**MOTION OF SLAZENGER GROUP UNDER FED. R. BANKR. P. 8011 FOR MODIFICATION OF STANDING ORDER APPLYING MANDATORY <u>MEDIATION PROCEDURES TO ALL BANKRUPTCY APPEALS</u>**

Slazengers Limited; Dunlop Slazenger International Limited; Dunlop Sports Group Americas, Inc.; and Dunlop Slazenger Manufacturing LLC (collectively, the "Slazenger Group"), move under Rule 8011 of the Federal Rules of Bankruptcy Procedure for entry of an order modifying this Court's Standing Order Re: Procedures To Govern Mediation of Appeals from United States Bankruptcy Court for This District (July 23, 2004) (the "Standing Order"), and represent as follows:

9923104.5

**Background**

1. On August 4, 2005, the Slazenger Group filed a motion to expedite consideration of this Appeal (D.I. 5) (the "Motion To Expedite"). In the Motion To Expedite, the Slazenger Group requested that this Court expedite its consideration of this Appeal once briefing is completed in accordance with the timetable set forth in Federal Rule of Bankruptcy Procedure 8009. The Slazenger Group did not request that the Court expedite the briefing schedule set forth in Rule 8009.[1]

2. On August 8, 2005, the Slazenger Group filed its opening brief in this Appeal (D.I. 6). On that same day, the Clerk referred this appeal to mediation under the Standing Order.

3. The Standing Order sets forth the procedures for employing mediation in appeals from the bankruptcy court. In addition, the Standing Order defers briefing of the appeal "during the pendency of the mediation unless the Court determines otherwise." Standing Order ¶ 3.

**Request for Modification of the Standing Order**

4. The Slazenger Group requests that the Court modify the Standing Order with respect to this Appeal merely to allow briefing of the Appeal to go forward on the schedule set forth in Rule 8009 while mediation is ongoing. The Slazenger Group is not proposing to dispense with the mediation mandated by the Standing Order.

---

[1] The Federal Rules set forth the following briefing schedule for bankruptcy appeals: (a) appellant serves its opening brief within 15 days after the appeal is docketed; (b) appellee serves its brief within 15 days after service of the opening brief by appellant; and (c) appellant serves its reply brief within 10 days after service of appellee's brief. Fed. R. Bankr. P. 8009(a).

5. As explained in greater detail in the Motion To Expedite, which the Slazenger Group incorporates by reference as if set forth herein, the Appeal will likely be attacked by the other parties as moot and subject to dismissal if not decided before borrowing occurs under the "Supplemental Insider Financing" (as defined in the Motion To Expedite).

6. If briefing of the Appeal is delayed while mediation is ongoing, then it is likely that the Appeal will not be fully briefed and ready for consideration by this Court before the time that borrowing occurs under the Supplemental Insider Financing. Moreover, briefing of the Appeal will only facilitate the mediator's understanding of the issues and can serve as the parties' position papers in lieu of separate mediation statements. Thus, the requested relief will not prejudice the appellees.

7. Moreover, although the Slazenger Group is willing to participate in mediation, given the subject matter and the bankruptcy court's ruling, the Slazenger Group is skeptical that this Appeal can be resolved through mediation. For instance, the bankruptcy court held that the Slazenger Group lacked standing to object to the proposed settlement. The Slazenger Group believes that it is unlikely that the other parties to this Appeal would be willing to review the merits of the settlement and the Supplemental Insider Financing when the Slazenger Group was not even allowed to assert its objection by the court below.

8. Accordingly, since mediation in this case has a low chance of success, and for the reasons set forth for expediting consideration of this Appeal, the Court should modify the Standing Order so as not to delay briefing of the Appeal.

**WHEREFORE**, for the reasons set forth herein, the Slazenger Group prays that the Court (i) modify the Standing Order to allow briefing of the Appeal to continue while mediation is ongoing, and (ii) grant the Slazenger Group such further relief as is just.

Dated: Wilmington, Delaware
       August 11, 2005

>                Zuckerman Spaeder LLP
>
>
>                By: _____
>                        Thomas G. Macauley (ID No. 3411)
>                919 Market Street
>                Suite 990
>                Wilmington, DE 19801
>                (302) 427-0400
>
>                -and-
>
>                Schulte Roth & Zabel LLP
>                Michael L. Cook (MLC-7887)
>                Sophie S. Kim
>                919 Third Avenue
>                New York, New York 10022
>                (212) 756-2000
>
>                -and-
>
>                Haynsworth Sinkler Boyd, P.A.
>                Andrew J. White, Jr.
>                Jesse C. Belcher
>                75 Beattie Place
>                Two Liberty Square
>                Greenville, South Carolina 29601
>                (864) 240-3200
>
>                Counsel for Slazengers Limited,
>                Dunlop Slazenger International
>                Limited, Dunlop Slazenger
>                Manufacturing LLC and Dunlop
>                Sports Group Americas, Inc.

**Statement Pursuant to Del. Dist. LR 7.1.1**

      I contacted Mark Phillips, counsel to SGP Acquisition, LLC ("SGP"), about the Slazenger Group's request to expedite consideration of this Appeal. He informed me that SGP was planning to respond in opposition to the Motion To Expedite. Since SGP opposes the Slazenger Group's request to expedite consideration of the Appeal, SGP will likewise not consent to the relief requested in the attached motion.

      /s/ Thomas G. Macauley  
      Thomas G. Macauley