IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re                                            :   Case No. 04-13382 (PJW)
                                                 :
SGP ACQUISITION, LLC,                            :   Chapter 11
                                                 :
                    Debtors.                     :
-------------------------------------------------x
SLAZENGERS LIMITED, et al.,                      :
                                                 :
                    Appellants,                  :   Civ. No. 05-cv-00563-GMS
                                                 :
    v.                                           :
                                                 :
SGP ACQUISITION, LLC, et al.,                    :
                                                 :
                    Appellees.                   :
-------------------------------------------------x
```

**RESPONSE OF APPELLEE SGP ACQUISITION, LLC TO MOTION
OF SLAZENGER GROUP FOR EXPEDITED CONSIDERATION**

SGP Acquisition, LLC ("SGP"), debtor and debtor in possession in the above-captioned chapter 11 proceeding and appellee herein, responds in opposition to the motion of the Slazenger Group[1] for entry of an order scheduling an expedited hearing on and consideration of the Slazenger Group's appeal (the "Motion") and, for the reasons stated below, requests that the Motion be overruled.

    1.    The relief requested in the Motion is without basis in rule or statute. The Slazenger Group purports to seek "expedited consideration" of its appeal "under Rule 8011 of the Federal Rules of Bankruptcy Procedure." (Motion at ¶ 8.) That rule, however, does not provide for expedited consideration of appeals but simply states the procedures governing motion

---

[1] Collectively, Slazengers Limited, Dunlop Slazenger International Limited, Dunlop Sports Group Americas, Inc., and Dunlop Slazenger Manufacturing LLC.

#14468.1

practice in the bankruptcy appellate context and contemplates that a motion will be predicated on the provisions of other rules governing the relief requested. See Fed.R.Bankr.P. 8011(a). The Slazenger Group has not and cannot cite to any rule authorizing expedited consideration of an appeal from an order of the bankruptcy court. Indeed, it has not cited any authority providing for or justifying such relief.

2.  The Motion is, in truth, an improper attempt to avoid the requirements of Rule 8005 of the Federal Rules of Bankruptcy Procedure. The sole justification offered by the Slazenger Group for an expedited hearing is the professed fear that, absent expedited consideration, its appeal will be "attacked" as moot and subject to dismissal.[2] (Motion at ¶ 7.) Rule 8005, however, provides that an appellant may move the district court for a stay of the bankruptcy court's order during the pendency of an appeal. Fed.R.Bankr.P. 8005. In order to obtain a stay, the Slazenger Group would be required to demonstrate: (1) a likelihood that it would prevail on the merits of its appeal; (2) that it would suffer irreparable harm if the stay was not granted; (3) that the appellees would not suffer substantial harm if the stay was granted; and (4) that the stay was in the public interest. 10 Collier on Bankruptcy ¶ 8005.07, at 8005-7 (15th rev. ed. 2005) (citing cases). In addition, it would need to show why, as it acknowledges, the stay was not obtained from the bankruptcy judge and also could be required to post a bond or other security with the bankruptcy court. Fed.R.Bankr.P. 8005.

3.  The Slazenger Group could, in short, alleviate any concerns regarding the potential that its appeal may become moot by obtaining a stay pursuant to Rule 8005. Its failure to seek such relief pursuant to Rule 8005 is indicative of its inability to meet the requirements for

---

[2] At no point does the Slazenger Group claim that its appeal will become moot absent the relief requested. In order to do so, it would have to show that the Court could not fashion "*some* form of meaningful relief" should it actually prevail on its appeal. *Resolution Trust Corp. v. Swedeland Development Group, Inc. (In re Swedeland Development Group, Inc.)*, 16 F.3d 552, 560 (3d Cir. 1994) (emphasis in original).

obtaining a stay. It should not be permitted to evade those requirements by resort to a procedural maneuver that is not authorized under the applicable rules.

    4.      The Motion fails to identify any substantive issue in this appeal requiring the Court's expedited consideration. The Slazenger Group complains that the bankruptcy court entered the order granting the Settlement Motion "[d]espite the absence of a record and . . . inadequate notice . . . ." (Motion at ¶ 4.) Neither of these alleged errors presents an issue requiring that the Court take up this appeal on an expedited basis. Moreover, these complaints ignore that the Settlement Agreement was entered into and supported by all of the remaining constituencies in SGP's chapter 11 case, including the Official Committee of Unsecured Creditors (the "Committee") and SGP's secured lender, Provident Bank. As counsel for the Committee explained at the hearing on the Settlement Motion, approval of the Settlement Agreement was essential to the future administration of SGP's chapter 11 case and allowed for the continued prosecution of an adversary proceeding against members of the Slazenger Group. (Hearing Transcript at 17:21 to 20:14 (July 14, 2005)). All parties who actually have a stake in the outcome of those matters entered into the Settlement Agreement and supported its approval. The Slazenger Group alone objected, despite having relinquished any right to payment on their alleged claims and, thus, as the bankruptcy court recognized, was a "stranger" in connection with the matter. (Id. at 16:23 to 17:3; 22:21.) Nothing in this record suggests that this appeal requires the Court's immediate attention.

WHEREFORE, for the reasons and authorities cited herein, SGP requests that the Court deny the motion of the Slazenger Group for expedited consideration of this appeal.

August 12, 2005
Wilmington, Delaware

Respectfully submitted,

/s/ Frederick B. Rosner
Frederick B. Rosner (No. 3995)
JASPAN SCHLESINGER HOFFMAN LLP
913 North Market Street, 12th Floor
Wilmington, DE  19801
Telephone:    (302) 351-8000
Facsimile:    (302) 351-8010

- and -

H. Jeffrey Schwartz  (OBR #0014307)
Mark A. Phillips (OBR # 0047347)
Michael D. Zaverton  (OBR #0038597)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
2300 BP Tower
200 Public Square
Cleveland, OH  44114-2378
Telephone:    (216) 363-4500
Facsimile:    (216) 363-4588

Counsel for SGP Acquisition, LLC, Debtor and Debtor in Possession

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
In re                                      :   Case No. 04-13382 (PJW)
                                           :
SGP ACQUISITION, LLC,                      :   Chapter 11
                                           :
                    Debtors.               :
------------------------------------------------------------x
SLAZENGERS LIMITED, et al.,                :
                                           :
                    Appellants,            :   Civ. No. 05-cv-00563-GMS
                                           :
        v.                                 :
                                           :
SGP ACQUISITION, LLC, et al.,              :
                                           :
                    Appellees.             :
------------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

I, Frederick B. Rosner, hereby certify that on this 12th day of August 2005, I caused to have delivered one copy of the *Response of Appellee SGP Acquisition, LLC to Motion of Slazenger Group for Expedited Consideration* to the parties listed below via first class mail, postage pre-paid:

Josef S. Athanas, Esquire
Latham & Watkins, LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
(Counsel to Official Committee of Unsecured Creditors)

Diana M. Thimmig, Esquire
Roetzel & Andress
1375 East 9th Street
One Cleveland Center, 10th Floor
Cleveland, OH 44114
(Counsel to Provident Bank)

#14469.1

Thomas G. Macauley, Esquire
Zuckerman Spaeder, LLP
919 Market Street, Suite 990
Wilmington, DE 19801
(Counsel to Dunlop Slazenger International Ltd, and
Dunlop Slazenger Manufacturing, LLC)

Todd C. Schiltz, Esquire
Wolf Block Schorr & Solis-Cohen
1100 North Market Street, Suite 1001
Wilmington, DE 19801
(Counsel to Provident Bank)

Michael L. Cook, Esquire
Schulte Roth & Zabel, LLP
919 Third Avenue
New York, N Y 10022
(Counsel to Dunlop Slazenger International Ltd, and
Dunlop Slazenger Manufacturing, LLC)

Francis A. Monaco, Jr., Esquire
Monzack and Monaco, P.A.
1201 North Orange Street, Suite 400
Wilmington, Delaware 19801
(Counsel to Official Committee of Unse
Creditors)

Rich Bongorno, CFO
Zapis Capital Group LLC
26202 Detroit Road Suite 300
Westlake, OH 44145
(Debtor)

Steven K. Kortanek, Esquire
Klehr, Harrison, Harvey, Branzburg
& Ellers
919 Market Street, Suite 1000
Wilmington, DE 19801
(Counsel to Shorewood Packaging)

Joseph A. Malfitano, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(Counsel to VRLink Corporation)

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Wilmington, DE 19801
(

11694.1                                    2

| | |
|---|---|
| Jam Industries Ltd.<br>21000 Trans Canada Highway<br>Baie D'Urfe, Quebec H9X 4B7<br>Attn: President | Robert S. Vineberg, Esquire<br>Davies Ward Phillips & Vineberg LLP<br>1501 McGill College Avenue, 26th Floo<br>Montreal, Quebec H3A 3N9 44114 |
| Deloitte Tax LLP<br>Mr. William C. West<br>1426 Main Street, Suite 820<br>Columbia, SC 29202-7128 | Randy Kimlin<br>110 Meilland Drive<br>Greer, SC 29650 |

Scott D. Cousins, Esquire
Greenberg Traurig, LLP
The Brandywine Building
100 West Street, Suite 1540
Wilmington, DE 19801

Jesse C. Belcher, Esquire
Haynsworth, Sinkler & Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602

Dated: August 12, 2005
      Wilmington, Delaware      **JASPAN SCHLESINGER HOFFMAN LLP**

                                By:    /s/ Frederick B. Rosner
                                         Frederick B. Rosner (No. 3995)
                                         913 North Market Street, 12th Floor
                                         Wilmington, DE 19801
                                         Telephone:     (302) 351-8000
                                         Facsimile:      (302) 351-8010

                                         Counsel for SGP Acquisition, LLC, Debtor and
                                         Debtor in Possession