IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SGP ACQUISITION, LLC,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 04-13382 (PJW) |
| SLAZENGERS LIMITED; DUNLOP SLAZENGER INTERNATIONAL LIMITED; DUNLOP SPORTS GROUP AMERICAS, INC.; DUNLOP SLAZENGER MANUFACTURING LLC,<br><br>　　　　　　　　　　Appellants<br>　Against<br><br>SGP ACQUISITION, LLC; CREDITORS' COMMITTEE OF SGP ACQUISITION, LLC; PROVIDENT BANK; KIMOLOS II, L.P.; ZAPIS CAPITAL; AND BENESCH, FRIEDLANDER, COPLAN & & ARONOFF LLP,<br><br>　　　　　　　　　　Appellees. | Civ. No. 05-cv-00563-GMS |

## OPENING BRIEF IN SUPPORT OF SLAZENGER'S EMERGENCY MOTION FOR STAY PENDING APPEAL

SCHULTE ROTH & ZABEL LLP
Michael L. Cook
Sophie S. Kim
919 Third Avenue
New York, NY 10022
(212) 756-2000

HAYNESWORTH SINKLER BOYD, P.A.
Andrew J. White, Jr.
Jesse C. Belcher
75 Beattie Place
Two Liberty Square
Greenville, SC 296012
(864) 240-3200

ZUCKERMAN SPAEDER LLP
Thomas G. Macauley (No. 3411)
919 Market Street
Suite 990
Wilmington, DE 19801
(302) 427-0400

*Attorneys for Appellants Slazengers Limited, Dunlop Slazenger International Limited, Dunlop Sports Group Americas, Inc. and Dunlop Slazenger Manufacturing LLC*

Dated: August 18, 2005

9944051.3

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 2

SUMMARY OF THE ARGUMENT ................................................................................... 2

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ........................................................................................................................ 7

    I.    THIS COURT SHOULD ISSUE A STAY UNDER FED. R. BANKR. P. 8005 ........................................................................................... 7

        A.  Slazenger Is Likely To Succeed on the Merits of the Appeal ............... 8

        B.  Slazenger Will Suffer Irreparable Harm Absent a Stay. ....................... 10

        C.  The Balance of Harms Tips in Slazenger's Favor. ................................ 11

        D.  A Stay Pending Appeal Will Promote the Public Interest. .................. 11

    II.   NO BOND IS NECESSARY .................................................................... 12

CONCLUSION ................................................................................................................... 13

# **TABLE OF AUTHORITIES**

## **CASES**

Page(s)

*In re Advanced Mining Sys., Inc.*,
    173 B.R. 467 (S.D.N.Y. 1994)..................................................................................10

*In re Allegheny Health, Educ. & Research Found.*,
    252 B.R. 309 (W.D. Pa. 1999)......................................................................................7

*In re Center Wholesale, Inc.*,
    759 F.2d 1440 (9th Cir. 1985) ................................................................................9, 11

*In re Country Squire Assocs. of Carle Place, LP*,
    203 B.R. 182 (B.A.P. 2d Cir. 1996)..........................................................................10

*Girsh v. Jepson*,
    521 F.2d 153 (3d Cir. 1975).........................................................................................9

*In re Highway Truck Drivers & Helpers Local Union #107*,
    888 F.2d 293 (3d Cir. 1989).........................................................................................7

*Mark Dunning Indus., Inc. v. Perry*,
    890 F. Supp. 1504 (M.D. Ala. 1995) ........................................................................12

*Phillips v. Insituform of N. Am., Inc.*,
    C.A. No. 9173, 1987 Del. Ch. LEXIS 474 (Aug. 27, 1987).......................................8

*Republic of Philippines v. Westinghouse Elec. Corp.*,
    949 F.2d 653 (3d Cir. 1991).........................................................................................7

*In re Roth Am., Inc.*,
    90 B.R. 94 (Bankr. M.D. Pa. 1988) ........................................................................ 7-8

*Sofinet v. INS*,
    188 F.3d 703 (7th Cir. 1999) .......................................................................................8

*In re Sphere Holding Corp.*,
    162 B.R. 639 (E.D.N.Y. 1994) .................................................................................12

*In re Swedeland Dev. Group, Inc.*,
    16 F.3d 552 (3d Cir. 1994).........................................................................................10

*In re United Merchs. & Mfrs., Inc.*,
    138 B.R. 426 (D. Del. 1992)................................................................................7, 12

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Weinberger v. UOP, Inc.*,
  457 A.2d 701 (Del. 1983) ........................................................................................9

## STATUTES AND RULES

11 U.S.C. § 101(10)(A) ..............................................................................................8

11. U.S.C. § 364(e) ..................................................................................................10

11 U.S.C. § 1109(b) ...................................................................................................8

Fed. R. Bankr. P. 4001(c) ....................................................................................9, 11

Fed. R. Bankr. P. 8005 ......................................................................................1, 7, 12

Fed. R. Bankr. P. 9006(c)(2) ...............................................................................9, 11

## INTRODUCTION

Slazengers Limited, Dunlop Slazenger International Limited, Dunlop Sports Group Americas, Inc., and Dunlop Slazenger Manufacturing LLC (collectively, "Slazenger") submit this opening brief in support of the emergency motion pursuant to Fed. R. Bankr. P. 8005, for a stay during the pendency of Slazenger's appeal of the United States Bankruptcy Court for the District of Delaware's July 15, 2005 order (the "Order") (A 256-279)[1] (i) approving a settlement agreement (the "Insider Settlement Agreement") between SGP, its insiders Kimolos II, L.P. ("Kimolos") and Zapis Capital ("Zapis") (collectively, referred to as the "Insiders"), and other parties in interest, and (ii) approving and setting forth terms for financing by Kimolos (the "Insider Financing").

A stay of the Order will preserve the status quo until this Court has an opportunity to examine the merits of this appeal and the bankruptcy court's rulings (i) holding that Slazenger, a large creditor of SGP, lacked standing to object to the Insider Settlement Agreement; and (ii) approving the Insider Financing without the required notice or any evidentiary record. Moreover, absent a stay, this appeal may become subject to attack on statutory mootness grounds to the extent that SGP borrows and expends funds under the Insider Financing. Slazenger has already briefed its appeal (D.I. 6) and moved for an expedited hearing (D.I. 5), which SGP has opposed. Accordingly, a stay under the circumstances is warranted.

---

[1] All "A" citations refer to the Appellants' Appendix in Support of Opening Brief ("Appendix"), dated August 8, 2005 (D.I. 6). Numbers refer to the page(s) of the Appendix.

9944051.3

## NATURE AND STAGE OF THE PROCEEDINGS

Slazenger filed its notice of appeal of the Order on July 21, 2005. (D.I. 1; Bankr. D.I. 394). Slazenger and then SGP filed their respective designations of the record and statements of issues. (D.I. 2, 3; Bankr. D.I. 396, 405). The Clerk of the Court docketed this appeal on August 3, 2005 (D.I. 4). The very next day, August 4, 2005, Slazenger filed its motion for expedited consideration of the appeal (D.I. 5). Slazenger filed its opening brief in the appeal on August 8, 2005 (the "Opening Brief") (D.I. 6). The Clerk referred the appeal to mediation on the same day. Slazenger filed a motion to modify the Court's standing order requiring mediation of bankruptcy appeals to allow briefing of the appeal to continue without delay on August 11, 2005 (D.I. 7). SGP filed its opposition to Slazenger's motion for expedited consideration of the appeal on August 12, 2005 (D.I. 9).

## SUMMARY OF THE ARGUMENT

1. Slazenger is entitled to a stay pending appeal because it has a high likelihood of success on the merits; it will suffer irreparable harm absent a stay; the balance of hardships favors Slazenger; and the public interest favors a stay in this case.

2. No bond is necessary for a stay pending appeal in this case because no parties will be prejudiced by a stay.

## STATEMENT OF FACTS[2]

SGP commenced its chapter 11 case on November 30, 2004 (the "Petition Date"). On its list of largest creditors, SGP listed Slazenger as a creditor holding approximately $2.8 million in pre-bankruptcy unsecured claims. (Bankr. D.I. 1).

According to SGP's bankruptcy petition, Zapis[3] is one of SGP's two controlling investors. (Bankr. D.I. 1); (Deposition of Richard P. Bongorno at 9:23-25, 11:25, 12:1-16) (June 17, 2005) (Bankr. D.I. 391). During the chapter 11 case to date, Zapis has controlled either a majority or all the occupied seats on SGP's Board of Managers. (*Id.* at 12:11-14:10). SGP's CEO, Richard Bongorno, also happens to be Zapis's CFO. (*Id.* at 7:5-9). Zapis's affiliate, Kimolos, has guaranteed a portion of SGP's secured debt with Provident Bank ("Provident"). (*Id.* at 23:7-17).

SGP sued Slazenger and others in the bankruptcy court on December 8, 2004, alleging breach of contract and tort claims, shifting all responsibility for its business failure (e.g., losses, mismanagement) to Slazenger (the "Contract Suit"). (*See* Opening Brief at 6). Slazenger and the other defendants denied the material allegations of the complaint and counterclaimed on January 7, 2005. (*Id.*). Since the commencement of the Contract Suit, however, SGP has failed to prosecute it in the more than nine months that it has been pending.

The bankruptcy court approved a partial settlement of pending disputes between SGP and Slazenger (the "SGP/Slazenger Settlement") on June 27, 2005. (A

---

[2] A complete description of the background facts relevant to Slazenger's appeal is set forth in Slazenger's Opening Brief at 5-12, incorporated herein by reference.

[3] Zapis Acquisition Partners is the investor in SGP. It is unclear whether Zapis Capital is the same or an affiliated entity. This factual recitation will view them as one and the same.

9944051.3                                    3

157-158). Under that settlement, in exchange for the dismissal of two preference suits against Slazenger, Slazenger paid $575,000 to SGP and agreed not to seek a recovery on its claims against SGP from the bankruptcy estate. (A 136, ¶ 1). Nevertheless, the settlement preserved SGP's claims and Slazenger's counterclaims in the Contract Suit, as well as the parties' defenses and setoff rights. (A 137, ¶ 3).

SGP then served a motion for approval of the Insider Settlement Agreement on July 1, 2005 (A 161-182), which artificially allocates the Slazenger settlement proceeds between the estate and the reduction of SGP's secured debt. The motion does not explain why the settlement proceeds from Slazenger were not allocated solely for the estate's benefit. Neither does the SGP motion nor the Insider Settlement Agreement disclose SGP's insider relationship with Kimolos and Zapis, the Kimolos guaranty of SGP's secured debt to Provident, or how the proposed allocation of proceeds would benefit Kimolos. Lastly, SGP's motion does not explain how the proposed settlement allows Kimolos to convert its nonpriority unsecured reimbursement claim arising from its guaranty into a priority secured claim at the expense of other creditors.

Neither did the SGP motion set forth the terms of the Insider Financing. Indeed, the motion stated specifically that SGP would seek approval of the Insider Financing by subsequent motion: that the parties to the agreement were "documenting the detailed terms of [the] supplemental financing arrangement" and that once the documents were prepared, SGP would "file a separate motion for approval of the debtor in possession arrangement outlined in the [Insider Settlement Agreement]." (A 167, n.1) (emphasis added).

SGP also moved separately to shorten the required twenty-day notice period for motions to approve settlements on the basis that SGP did not expect any objections to the motion to approve the Insider Settlement Agreement. (A 184, ¶ 4). The Court granted SGP's motion to shorten notice, and scheduled a hearing on SGP's motion to approve the Insider Settlement Agreement on July 14, 2005. (A 187).

Slazenger objected to SGP's motion to approve the Insider Settlement Agreement on July 11, 2005. (A 188-193). Slazenger showed that the motion failed to disclose key facts and that the Insider Settlement Agreement demonstrated bad-faith self-dealing by the Insiders. (A 190-192, ¶¶ 7-12). Slazenger asked for full disclosure of the material facts and an opportunity to develop the record in order to show the court the true significance of the Insider Settlement Agreement. (A 192, ¶ 13).

SGP replied to Slazenger's objection on July 13, 2005. (A 198-201). SGP did not attempt to bolster its deficient motion with the disclosure of salient facts. Rather, SGP argued only that Slazenger lacked standing to object, based on Slazenger's agreement not to seek any affirmative recovery from the estate. (*Id.*).

Late on that same day – the day before the scheduled hearing – SGP filed a form of proposed order (the "Proposed Order") that not only approved the Insider Settlement Agreement, but also, for the first time, set forth the terms and approval of the Insider Financing. (A 202-228). The Proposed Order also contained a budget setting forth the proposed use of funds (the "Budget"). (A 226-228). The Budget shows that most of the funds are to be used to pay fees for prosecution of the Contract Suit. (*Id.*).

At the hearing on July 14, 2005, the bankruptcy court accepted SGP's lack-of-standing argument, granted the motion, and described Slazenger as a "stranger" to

the case. (A 250, at 22:20-22). As a result, the court conducted no evidentiary hearing, apparently relying on the lack of any recognizable opposition to the settlement motion. The court also authorized the Insider Financing, despite the lack of notice and a record. (A 249, at 21:22-23; A 250-51, at 22:19-23:16). Slazenger orally requested a stay pending appeal, which the court denied. (A 252, at 24:2-6; A 254-55, at 26:20).

The Order provides that Kimolos, an Insider, may advance to SGP up to an aggregate amount of "$300,000 or such larger amount subsequently agreed in writing by [Kimolos], [SGP], and the Committee. . ." (A 258, ¶ 3(a)). The Order authorizes SGP to use the Insider Financing to fund: (i) costs and expenses associated with SGP's pursuing the Contract Suit in accordance with the Budget; and (ii) costs of administration of SGP's estate, in accordance with the Budget, with respect to a liquidation plan after the October 1, 2005 termination of the current debtor in possession financing order with Provident. (A 260, ¶ 3(d)).

On August 8, 2005, the bankruptcy court approved SGP's application to retain Calfee, Halter & Griswold LLP ("Calfee") as lead special counsel with respect to the Contract Suit retroactively to June 30, 2005. *See* Order (Aug. 8, 2005) (Bankr. D.I. 412), attached hereto as Exhibit A.[4] Although the hearing on the application to retain Calfee had been scheduled for August 23, 2005, the bankruptcy court approved Calfee's retention beforehand without a hearing. Accordingly, now that Calfee's retention has been accelerated, SGP will start making disbursements to Calfee under the Insider Financing momentarily instead of in October, as reflected in the Budget.

---

[4] This Order is being attached as an Exhibit because it had not been issued at the time the parties designated the record for this Appeal.

9944051.3                                                                    6

# ARGUMENT

## I.

## THIS COURT SHOULD ISSUE A STAY UNDER FED. R. BANKR. P. 8005

Bankruptcy Rule 8005 contemplates that a court can protect the rights of the parties while an appeal of a bankruptcy court order is pending. Fed. R. Bankr. P. 8005. That motion may be made to the district court if denied by the bankruptcy court, as is the case here. *See id.* According to the Third Circuit, "a myriad of circumstances can occur that would necessitate the grant of a stay pending appeal in order to preserve a party's position." *In re Highway Truck Drivers & Helpers Local Union #107*, 888 F.2d 293, 298 (3d Cir. 1989). The granting of a motion for a stay pending appeal is commended to the court's sound discretion. *In re United Merchs. & Mfrs., Inc.*, 138 B.R. 426, 430 (D. Del. 1992).

In deciding whether to grant a stay pending appeal, courts apply a well known four-part test: (i) whether the moving party has a strong likelihood of success on the merits of the appeal; (ii) whether the movant will be irreparably harmed absent a stay; (iii) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (iv) where the public interest lies. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). That analysis contemplates "individualized judgments in each ease." *Id.* at 658.

Courts must balance all four elements, for no single factor is outcome determinative. *In re Allegheny Health, Educ. & Research Found.*, 252 B.R. 309, 321 (W.D. Pa. 1999); *see also In re Roth Am., Inc.*, 90 B.R. 94, 95 (Bankr. M.D. Pa. 1988) ("[T]hese four factors structure the inquiry. However, no one aspect will necessarily

determine its outcome. Rather, proper judgment entails a 'delicate balancing of all elements.'") (citation omitted). For instance, the more likely the movant's success on appeal, the less strong the showing of irreparable harm needs to be. *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999); *cf. Phillips v. Insituform of N. Am., Inc.*, C.A. No. 9173, 1987 Del. Ch. LEXIS 474, at *32-*33 (Aug. 27, 1987) (enjoining merger when movant established clear probability of ultimate success on merits) (attached hereto as Exhibit B).

Slazenger has satisfied all four elements required for success on a stay motion here. Accordingly, the Court should grant Slazenger a stay pending disposition of the appeal.

A.  **Slazenger Is Likely To Succeed on the Merits of the Appeal.**

The bankruptcy court committed several clear legal errors that make this appeal's likelihood of success very high. A full exposition of Slazenger's appellate arguments is set forth in the Opening Brief (D.I. 6), which is incorporated herein by reference.

First, the bankruptcy court clearly erred in holding that Slazenger lacked standing to object to the proposed settlement between SGP and the Insiders. The Bankruptcy Code expressly gives creditors and other parties-in-interest the right to be heard on any issue. *See* 11 U.S.C. § 1109(b). Slazenger is a creditor by virtue of its pre-bankruptcy claims against SGP. *See id.* § 101(10)(A) (defining "creditor" as an "entity that has a claim against the debtor that arose at the time or before the order for relief concerning the debtor"). Indeed, the SGP/Slazenger Settlement expressly provided that Slazenger's counterclaims, defenses, and setoffs survive the impending Contract Suit. (A 137, ¶ 3). Thus, as a matter of law, Slazenger's agreement not to enforce its claims in the

9944051.3                                                        8

SGP bankruptcy case is irrelevant to whether Slazenger is a creditor with an absolute right to be heard under the Bankruptcy Code. (*See also* Opening Brief at 13-19).

More important, the bankruptcy court abused its discretion in expediting and approving SGP's Insider Settlement. In the face of an inadequate record and the pending Slazenger objection, the bankruptcy court wrongly deprived Slazenger of its right to conduct pre-trial discovery. *See Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975) (reversing decision approving settlement on inadequate record and holding that a party objecting to a settlement is entitled "to at least a reasonable opportunity to discovery"). Also, given the Insiders' admitted self-dealing, the bankruptcy court failed to require proof of "utmost good faith and the most scrupulous inherent fairness of the transaction." *See Weinberger v. UOP, Inc.*, 457 A.2d 701, 710 (Del. 1983). (*See also* Opening Brief at 19-26).

Finally, the bankruptcy court clearly erred by approving the Insider Financing without any notice or any record. Notice was deficient because SGP failed to give the required fifteen days' notice and to disclose the terms of the financing at the time of filing the motion. *See* Fed. R. Bankr. P. 4001(c); *see also id.* 9006(c)(2) (forbidding courts from reducing time period for financing motions under Rule 4001(c)); *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1449 (9th Cir. 1985) (finding that one day notice of hearing on cash collateral violates the Due Process Clause). The record was also deficient because SGP made absolutely <u>no</u> showing and proffered <u>no</u> evidence to support its contention that the proposed Insider Financing terms were fair or reasonable, or that less intrusive financing from other sources was unavailable. (*See also* Opening Brief at 26-30).

These substantive errors by the bankruptcy court give Slazenger a high likelihood of success on appeal. *See In re Country Squire Assocs. of Carle Place, LP*, 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996) (finding a substantial possibility of success on appeal when bankruptcy court entered order without evidentiary basis).

**B.     Slazenger Will Suffer Irreparable Harm Absent a Stay.**

SGP will borrow funds under the Insider Financing and expend the borrowed funds unless the Court enters a stay. To the extent that SGP borrows and expends funds under the Insider Financing, SGP will undoubtedly argue that this appeal with respect to the expended funds is moot. *See In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 559, 561-63 (3d Cir. 1994) (*held*, appeal not moot if meaningful relief can be fashioned; 11 U.S.C. § 364(e) does not "protect a lender with respect to money that has not been disbursed", but if loan made before reversal, debtor could not be enjoined "from using the proceeds of the ... loan nor could it [be ordered] to return the proceeds, as they were gone"). If Slazenger cannot obtain effective appellate relief, it will suffer irreparable harm. *See In re Advanced Mining Sys., Inc.*, 173 B.R. 467, 469 (S.D.N.Y. 1994) (finding that the mooting of an appeal and the resulting denial of a recovery to be "a quintessential form of prejudice").

Here, SGP will soon start borrowing and expending funds under the Insider Financing. Although the Budget attached to SGP's Proposed Order reflects that borrowings will not occur until the week ending October 8, 2005, at the earliest (A 226-229), SGP has stated that it can start borrowing under the Insider Financing immediately to fund the Contract Suit. Now that Calfee has been retained and the terms of retention allow it to be paid on a monthly basis (Exhibit A, ¶ 5), SGP will likely start borrowing under the Insider Financing and start disbursing funds to Calfee.

Slazenger's prejudice would be exacerbated by the manner in which the bankruptcy court approved the Insider Financing: no notice to Slazenger and other parties in interest. This lack of notice was further magnified by SGP's contrary representation in its motion to approve the Insider Settlement Agreement: SGP explicitly promised to seek approval of the Insider Financing by separate motion. (A 167, n.1). Without a stay, SGP would effectively be able to insulate the Order from appellate review, although the financing portion of the Order should be void for lack of procedural due process. *See In re Center Wholesale, Inc.*, 759 F.2d at 1448 (lack of notice rendered cash collateral order void).

C.   **The Balance of Harms Tips in Slazenger's Favor.**

Issuing a stay of the Order with respect to the Insider Financing will not harm SGP or any other party in interest. Slazenger has shown its commitment to pursuing the appeal on an expedited basis, as evidenced by its motion to expedite consideration of the appeal and by perfecting its appeal. The relatively short time needed to accommodate Slazenger's appeal will not harm SGP or any other party in interest. Moreover, SGP commenced the Contract Suit nine months ago, but has done virtually nothing to prosecute the suit. SGP can hardly argue, therefore, that a delay of a few more weeks to resolve this appeal will amount to any material prejudice.

D.   **A Stay Pending Appeal Will Promote the Public Interest.**

Strong public interests support the issuance of a stay in this case. First, the public interest supports providing a minimum notice period to creditors of financing motions and terms, as required by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 4001(c), 9006(c)(2). Second, the public interest seeks to uphold the integrity of the bankruptcy process and the rights to be heard and to examine settlements with

insiders. *Cf. Mark Dunning Indus., Inc. v. Perry*, 890 F. Supp. 1504, 1510 (M.D. Ala. 1995) (holding that the public interest favors maintaining the integrity of the procurement process and ensuring fair and open competition). These interests would be subverted by the denial of a stay in this case.

## II.

## NO BOND IS NECESSARY

Bankruptcy Rule 8005 allows courts to condition a stay pending appeal on the filing of a bond. The purpose of such a bond "is to protect the adverse party from potential losses resulting from the stay." *In re United Merchs. & Mfrs., Inc.*, 138 B.R. 426 at 430. But when the adverse party will suffer no losses as a result of a stay pending appeal, a bond is not necessary. *Id.; see also In re Sphere Holding Corp.*, 162 B.R. 639, 644-45 (E.D.N.Y. 1994) (holding that no bond is necessary when creditors will not be prejudiced). Here there is no likely loss to SGP, the Insiders or any party in interest if the Insider Financing approved under the Order is stayed pending this appeal.

## **CONCLUSION**

This Court should enter an order (i) staying the Order pending disposition of Slazenger's appeal; (ii) expediting disposition of this appeal; and (iii) granting Slazenger such other and further relief as is just.

Dated: Wilmington, Delaware
       August 18, 2005

                              Zuckerman Spaeder LLP

                              By: _____
                                    Thomas G. Macauley (ID No. 3411)
                              919 Market Street, Suite 990
                              Wilmington, DE 19801
                              (302) 427-0400

                              -and-

                              Schulte Roth & Zabel LLP
                              Michael L. Cook (MLC-7887)
                              Sophie S. Kim
                              919 Third Avenue
                              New York, New York 10022
                              (212) 756-2000

                              -and-

                              Haynsworth Sinkler Boyd, P.A.
                              Andrew J. White, Jr.
                              Jesse C. Belcher
                              75 Beattie Place
                              Two Liberty Square
                              Greenville, South Carolina 29601
                              (864) 240-3200

                              Counsel for Slazengers Limited,
                              Dunlop Slazenger International
                              Limited, Dunlop Slazenger
                              Manufacturing LLC and Dunlop
                              Sports Group Americas, Inc.