## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SGP ACQUISITION, LLC, | ) | Case No. 04-13382 (PJW) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SLAZENGERS LIMITED; DUNLOP SLAZENGER INTERNATIONAL LIMITED; DUNLOP SPORTS GROUP AMERICAS, INC.; DUNLOP SLAZENGER MANUFACTURING LLC, | ) | Case No. 05-cv-00563-GMS |
| Appellants, | ) | |
| Against | ) | |
| SGP ACQUISITION, LLC; CREDITORS' COMMITTEE OF SGP ACQUISITION, LLC; PROVIDENT BANK; KIMOLOS II, L.P.; ZAPIS CAPITAL; AND BENESCH, FRIEDLANDER, COPLAN & & ARONOFF LLP, | ) | |
| Appellees. | ) | |

### APPELLANTS' REPLY BRIEF UNDER FED. R. BANKR. P. 8009

SCHULTE ROTH & ZABEL LLP
Michael L. Cook
Sophie S. Kim
919 Third Avenue
New York, NY 10022
(212) 756-2000

HAYNESWORTH SINKLER BOYD, P.A.
Andrew J. White, Jr.
Jesse C. Belcher
75 Beattie Place
Two Liberty Square
Greenville, SC 296012
(864) 240-3200

ZUCKERMAN SPAEDER LLP
Thomas G. Macauley (No. 3411)
919 Market Street
Suite 990
Wilmington, DE 19801
(302) 427-0400

*Attorneys for Appellants Slazengers Limited, Dunlop Slazenger International Limited, Dunlop Sports Group Americas, Inc. and Dunlop Slazenger Manufacturing LLC*

Dated: August 30, 2005

9949501.7

## TABLE OF CONTENTS

I. SUMMARY ........................................................................................................................ 1

II. REPLY ............................................................................................................................. 3

A. Slazenger Had Standing To Object To The Insider Settlement and To The Insider Financing. ........................................................................................ 3

    1. Slazenger Remains a Creditor of SGP Because Slazenger's Claims Against SGP Survived the SGP/Slazenger Settlement Agreement ............... 3

    2. Slazenger Had Standing Because It Is a Party in Interest. ............................ 5

B. Slazenger Has Standing To Maintain This Appeal. ................................................ 6

    1. Slazenger Is A Person Aggrieved. .................................................................. 6

    2. Slazenger Has Been Directly Affected Pecuniarily. ...................................... 7

C. The Comments Of Committee Counsel Did Not Provide The Bankruptcy Court With An Adequate Record To Approve The Insider Settlement. ............................................................................................................. 8

D. No Cause Existed To Limit Notice For The Hearing On The Insider Settlement. ........................................................................................................... 11

E. SGP's Motion To Approve The Insider Settlement Agreement Did Not Give Slazenger Required Notice Of The Insider Financing. ......................... 12

III. CONCLUSION .............................................................................................................. 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Amatex Corp.*,
    755 F.2d 1034 (3d Cir. 1985) ............................................................................. 6-7

*In re Buchferer*,
    216 B.R. 332 (Bankr. E.D.N.Y. 1997) ..................................................................... 4

*General Motors Acceptance Corp. v. Dykes (In re Dykes)*,
    10 F.3d 184 (3d Cir. 1993) ....................................................................................... 6

*Girsh v. Jepson*,
    521 F.2d 153 (3d Cir. 1975) ................................................................................. 2, 9

*In re Grant Broadcasting of Philadelphia*,
    71 B.R. 390 (Bankr. E.D. Pa. 1987) ................................................................. 10, 11

*Greenfield v. Villager Indus., Inc.*,
    483 F.2d 824 (3d Cir. 1973) ..................................................................................... 8

*Jaurdon v. Cricket Comm., Inc.*,
    412 F.3d 1156 (10th Cir. 2005) ............................................................................ 4-5

*Johnson v. Home State Bank*
    501 U.S. 78 (1991) ................................................................................................... 4

*Lugo v. Paulsen*,
    886 F.2d 602 (3d Cir. 1989) ..................................................................................... 4

*In re MacDonald*,
    222 B.R. 69 (Bankr. E.D. Pa. 1998) ........................................................................ 4

*Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.)*,
    689 F.2d 445 (3d Cir. 1982) ..................................................................................... 7

*In re Remington Rand Corp.*,
    836 F.2d 825 (3d Cir. 1988) ..................................................................................... 5

*Travelers Ins. Co., Inc. v. H.K. Porter Co., Inc.*,
    45 F.3d 737 (3d Cir. 1995) ....................................................................................... 7

*Unofficial Comm. of Zero Coupon Noteholders v. The Grand Union Co.*,
    179 B.R. 56 (D. Del. 1995) ................................................................................... 6, 7

*In re Villarie*,
    648 F.2d 810 (2d Cir. 1981)..........................................................................................4

## STATUTES

11 U.S.C. § 101(10)(A)..................................................................................................2, 3

11 U.S.C. § 1109(b) .....................................................................................................2, 5, 6

11 U.S.C. § 364(c) ..............................................................................................................12

11 U.S.C. § 506(a) ................................................................................................................4

11 U.S.C. § 553......................................................................................................................4

## RULES

Fed. R. Bankr. P. 9006(c) ..................................................................................................11

Fed. R. Bankr. P. 4001(c)(2).............................................................................................12

Slazengers Limited, Dunlop Slazenger International Limited, Dunlop Sports Group Americas, Inc., and Dunlop Slazenger Manufacturing LLC (collectively, "Slazenger") submit this reply brief in support of their appeal (the "Appeal") of the bankruptcy court's July 15, 2005 order (the "Order")[1] (A 256-279)[2] (i) approving a settlement agreement (the "Insider Settlement Agreement") between SGP Acquisition, LLC ("SGP"), its insiders Kimolos II, L.P. ("Kimolos") and Zapis Capital ("Zapis") (collectively, referred to as the "Insiders"), and other parties in interest; and (ii) approving and setting forth terms for financing by Kimolos (the "Insider Financing"). Slazenger also responds to the arguments made by SGP in its answering brief dated August 23, 2005 (the "Answering Brief") (D.I. 13),[3] joined by the SGP creditors' committee ("Committee"). (D.I. 14).

## I.
## SUMMARY

SGP and the Committee oppose the Appeal. Their primary arguments, with Slazenger's reply, can be summarized as follows:[4]

---

[1] The Bankruptcy Court entered an identical order on August 19, 2005. The August 19 order included a budget, to which the July 15 order referred but omitted. For purposes of this reply, the term "Order" shall refer to both the July 15 and August 19 orders.

[2] All "A" citations refer to Slazenger's appendix of the relevant record entries accompanying its opening brief ("Appendix"), dated August 8, 2005 (D.I. 6). Numbers refer to the page(s) of the Appendix.

[3] The Answering Brief is cited herein as "Answering Br. at __."

[4] Slazenger will not respond to every frivolous argument raised by SGP and the Committee. Slazenger reserves the right to raise additional responses during oral argument, when necessary.

| SGP/Committee Objection | Slazenger Reply |
|---|---|
| Because Slazenger relinquished all rights to recovery from SGP's bankruptcy estate, it is not a creditor within the meaning of the Code. (Answering Br. at 13-16) | Wrong. "Creditor" is defined as an entity such as Slazenger with "a claim against the debtor," not the bankruptcy estate. 11 U.S.C. § 101(10)(A). Slazenger is a creditor because its counterclaims against SGP – which include claims scheduled by SGP – "will survive and not be affected by [the SGP/Slazenger settlement]." (A 137, ¶ 3) |
| Slazenger is not a party in interest under 11 U.S.C. § 1109(b) because it has no "stake" in either the allocation of the Slazenger settlement proceeds or the terms of the Insider Financing. (Answering Br. at 16-18) | Wrong. Because Slazenger remains the target of SGP and a major creditor in the Contract Suit, Slazenger has, and the lower court had, an interest in ensuring that the Slazenger settlement proceeds benefit unsecured creditors; that the terms of the Insider Financing are the best available; and that the integrity of the process not be tainted by a collusive settlement. |
| Slazenger lacks standing to appeal because it is not a "person aggrieved" by the bankruptcy court's order. (Answering Br. at 18-21) | Wrong. The lower court improperly denied Slazenger's right to be heard and to develop a complete record, thereby prejudicing Slazenger's rights. |
| The bankruptcy court was not required to hold an evidentiary hearing to approve the Insider Settlement Agreement, but could rely on counsel's opinions concerning its reasonableness. (Answering Br. at 22-24) | Wrong. In the face of Slazenger's undisputed objection showing insider self-dealing and lack of full disclosure, the bankruptcy court abused its discretion by approving the Insider Settlement Agreement without any evidence and depriving Slazenger of a chance to develop the record, as required by the Third Circuit. *Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975). |
| The bankruptcy court had authority to limit notice on the hearing to approve the Insider Settlement Agreement. (Answering Br. at 25-26) | Irrelevant. There was no "cause" to limit notice once Slazenger timely objected to the Insider Settlement Agreement. |
| Slazenger had adequate notice of the Insider Financing from the motion to approve the Insider Settlement Agreement. (Answering Br. at 25 n.9) | Wrong. The bankruptcy court acknowledged that the material terms of the Insider Financing (*e.g.*) were not disclosed by SGP until late in the day before the hearing. (A 251, at 23:21-25; A 252, at 24:1). |

## II.
## REPLY

A. **Slazenger Had Standing To Object To The Insider Settlement and To The Insider Financing.**

1. **Slazenger Remains a Creditor of SGP Because Slazenger's Claims Against SGP Survived the SGP/Slazenger Settlement Agreement.**

SGP argues that Slazenger did not have standing to object to the proposed settlement between SGP and the Insiders because Slazenger "relinquished all rights to recovery from SGP's bankruptcy estate." (Answering Br. at 13). But Slazenger's ability to collect from SGP's bankruptcy estate is irrelevant to determining whether Slazenger is a "creditor." Slazenger still has a claim against SGP that arose before November 30, 2004, when SGP filed its chapter 11 petition (the "Petition Date"). *See* 11 U.S.C. § 101(10)(A) (defining "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor") (emphasis added).

Slazenger was admittedly a substantial creditor of SGP (holding about 42% of SGP's unsecured debt -- $2.8 million of $6.6 million in liabilities) on the Petition Date. (Schedules of Assets and Liabilities, Schedule F [Bankr. D.I. 116]; A 134-135, ¶ C). Slazenger has asserted those claims against SGP as counterclaims in their pending litigation, commenced December 8, 2004 (the "Contract Suit") and has asserted additional post-bankruptcy royalty claims and contract damage claims.

The clear language in paragraph 3 of the SGP/Slazenger settlement expressly provides for the "Survival of Contract Suit Claims, Counterclaims, Defenses and Offsets." (A 137, ¶ 3 (emphasis in original)). As the first sentence of the paragraph confirms: "The Contract Suit, the Slazenger Group counter-claims and all defenses and

offsets assertable by all parties in the Contract Suit <u>will survive and not be affected by this agreement</u>." (*Id.* (emphasis added)). Thus, Slazenger remains a creditor with claims against SGP after the implementation of the SGP/Slazenger settlement.

SGP still argues that Slazenger's claims are no longer "claims" under the Code because Slazenger has given up its right to payment from SGP's estate.[5] (Answering Br. at 14). In support, SGP relies mainly on *In re Villarie*, 648 F.2d 810 (2d Cir. 1981), where the court found that a retirement plan's right to recoup a debtor's borrowings from his own retirement account did not amount to a claim under the New York City Administrative Code because the plan had no right to sue for repayment of unpaid amounts. Even if *Villarie* has any remaining validity,[6] it is inapposite here: Slazenger's counter-claims arise from unpaid invoices for goods and royalties plus contract damages. Moreover, the Third Circuit has found *Villarie* unpersuasive on what constitutes a claim, noting that "requiring that a claim be reducible to a money judgment would conflict with the congressional mandate that 'claim' be defined broadly." *Lugo v. Paulsen*, 886 F.2d 602, 607 (3d Cir. 1989); *see also Jaurdon v. Cricket Communications, Inc.*, 412 F.3d 1156, 1158-59 (10th Cir. 2005) (recognizing broad, expansive definition of

---

[5] SGP frivolously tries to refute Slazenger's showing that it has a secured claim under 11 U.S.C. §§ 506(a) and 553. (Answering Br. at 21-22 n.8). SGP's discussion of setoff and secured status is circular, misplaced, and inaccurate on these facts. SGP has acknowledged Slazenger's right of setoff. (Answering Br. at 16). Furthermore, as shown here, Slazenger has a claim that will be allowed upon resolution of the Contract Suit. Thus, Code §§ 506(a) and 553 apply.

[6] *Villarie*'s continuing viability has been questioned. *See In re Buchferer*, 216 B.R. 332, 336-37 (Bankr. E.D.N.Y. 1997) (rejecting *Villarie* and holding that a retirement system's ability to offset against the debtor's property interest under the retirement plan confers a secured claim against the debtor); *see also In re MacDonald*, 222 B.R. 69, 75-76 (Bankr. E.D. Pa. 1998) (finding considerable merit in *Buchferer*'s reasoning that the broad definition of claim adopted by the Supreme Court in *Johnson v. Home State Bank*, 501 U.S. 78 (1991), effectively overruled *Villarie*).

"claim"; *held*, appellant was a "creditor" although the debtor disputed its claim, the appellant had lost in the lower court, and the claim was contingent upon resolution of an appeal); *In re Remington Rand Corp.*, 836 F.2d 825, 826 (3d Cir. 1988) ("In the Code, Congress defined 'claim' in the broadest possible terms as any unliquidated, contingent, unmatured or disputed rights to payment.").

### 2. Slazenger Had Standing Because It Is a Party in Interest.

SGP argues that Slazenger is not a party in interest under 11 U.S.C. § 1109(b) because it has no "stake" in either the allocation of the SGP/Slazenger settlement proceeds or the terms of the Insider Financing. (Answering Br. at 16-18). To the contrary, Slazenger has a significant interest in ensuring that the $575,000 of SGP/Slazenger settlement proceeds are properly allocated. To the extent that the proceeds are improperly diverted from unsecured creditors by a collusive settlement, SGP will be forced to look to the Contract Suit, "one of [SGP's] primary remaining assets" (A 170, ¶ 18), in order to obtain a greater recovery for those creditors. Slazenger, as the lower court should have, also has an interest in ensuring that the terms of the Insider Financing are the best and fairest available. In exchange for the financing, SGP is giving at least seventy-five percent of any recovery in the Contract Suit to the Insiders, in addition to repaying them principal and interest. (A 258-259, ¶ 3(a); A 261-262, ¶ 3(g)). Another party might have been willing to finance the Contract Suit without requiring such a huge portion of the recovery, which the Insiders self-servingly extracted to re-pay Provident Bank on their guaranty. Again, the Insider Financing represents one more layer of expenses that must be repaid before the unsecured creditors can enjoy any recovery, something the lower court should have scrutinized on a fully developed record.

Accordingly, Slazenger has a sufficient and direct "stake" in SGP's chapter 11 case, and is thus a party in interest under section Code § 1109(b). *See Unofficial Comm. of Zero Coupon Noteholders v. The Grand Union Co.*, 179 B.R. 56, 59 (D. Del. 1995) (in determining whether an entity is a "party in interest," the entity "need not show [it is] a creditor or equity holder of the debtor, or that [it has] some direct claim to [debtor's] assets. Rather, [it] need only show a sufficient stake to require representation"). More important, the lower court should have insisted on a full evidentiary record, but should not have precluded Slazenger from developing that record.

### B.  Slazenger Has Standing To Maintain This Appeal.

#### 1.  Slazenger Is A Person Aggrieved.

SGP argues that Slazenger lacks standing to appeal because it is not a "person aggrieved." (Answering Br. at 19). It misses the mark. In issuing the Order, the bankruptcy court denied Slazenger its absolute right as a creditor to be heard under 11 U.S.C. § 1109(b). (A 250, at 22:20-22; A 251, at 23:13-14) ("Slazenger ... is a stranger to this settlement agreement" and depriving it of a chance to develop the record).

The Third Circuit considers a person aggrieved if the bankruptcy court order "diminishes [its] property, increases [its] burdens *or impairs [its] rights.*" *General Motors Acceptance Corp. v. Dykes (In re Dykes)*, 10 F.3d 184, 188 (3d Cir. 1993) (emphasis added). Slazenger's absolute right to be heard was impaired when the bankruptcy court refused to consider Slazenger's objection. Accordingly, Slazenger was aggrieved by the bankruptcy court's ruling that Slazenger lacked standing to object.

Courts have routinely heard appeals and impliedly found appellate standing when the appellate courts concluded that the appellants were wrongly denied standing below. *See, e.g., In re Amatex Corp.*, 755 F.2d 1034, 1041-43 (3d Cir. 1985)

(bankruptcy court found class of future asbestos claimants lacked standing; court of appeals implied appellate standing and reversed); *Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.)*, 689 F.2d 445, 446, 447 (3d Cir. 1982) (bankruptcy court denied creditors' committee right to intervene; both district court and Third Circuit implied appellate standing and reversed); *Unofficial Committee of Zero Coupon Noteholders v. Grand Union Co.*, 179 B.R. 56, 59 (D. Del 1995) (bankruptcy court denied zero coupon noteholders of debtor's parent standing; district court implied appellate standing and reversed). Slazenger is SGP's largest unsecured creditor, and thus had standing to object to the Insider Settlement Agreement. The bankruptcy court's denial of Slazenger's statutory right to be heard made Slazenger a "person aggrieved" by the Order, thus giving Slazenger appellate standing here.

### 2. Slazenger Has Been Directly Affected Pecuniarily.

Slazenger also has a direct pecuniary interest in the Insider Settlement Agreement and the Insider Financing.[7] Kimolos, an SGP Insider, has guaranteed to Provident Bank SGP's $600,000 post-bankruptcy facility and an approximately $2.4 million pre-bankruptcy facility (the "Kimolos Guaranty"). (A 118-119, at 93:10-94:5).

---

[7] SGP quotes at length from *Travelers Ins. Co., Inc. v. H.K. Porter Co., Inc.*, 45 F.3d 737 (3d Cir. 1995), to support its argument that Slazenger lacks standing to appeal. (Answering Br. at 19-20). *Travelers* precludes appellate standing "if the only interest in the bankruptcy court's order that can be demonstrated is an interest as *a potential defendant* in an adversary proceeding." 45 F.3d at 743 (emphasis added). In this case, however, Slazenger is an *actual* defendant with substantial admitted counterclaims. The *Travelers* court opened the door for subsequent courts to find appellate standing with respect to appellants engaged in actual litigation. *Id.* at 743 n.7 ("Without commenting on whether litigation as such is enough to accord standing as a 'person aggrieved,' we observe first that in this case Travelers is not engaged in litigation with any of the claimants"). Furthermore, as discussed above, Slazenger is not merely a litigation defendant; Slazenger is the defendant in the Contract Suit, "one of [SGP's] primary remaining assets" (A 170, ¶ 18), and has very substantial counterclaims.

The SGP/Slazenger settlement provided SGP with $575,000, but the collusive Insider Settlement Agreement allocates $290,000 to the License dispute (A 191, ¶ 8) -- self-servingly benefiting Kimolos by reducing its exposure on the Kimolos Guaranty. Each dollar from the SGP/Slazenger settlement proceeds improperly diverted to the Insiders represents one more dollar that SGP and the unsecured creditors will have to seek to recover in the Contract Suit.[8] Thus, the improper allocation of the SGP/Slazenger settlement proceeds, as contemplated by the Insider Settlement Agreement, will directly affect Slazenger's pecuniary interest. Slazenger therefore has standing to maintain this Appeal.

### C. The Comments Of Committee Counsel Did Not Provide The Bankruptcy Court With An Adequate Record To Approve The Insider Settlement.

Trial courts have an obligation to give an objector at a hearing on a proposed settlement an opportunity to develop the record, particularly when the settlement was influenced by fraud or collusion. *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 833 (3d Cir. 1973) ("It is not unusual for objections to be presented at a hearing on a proposed settlement of a class action, (footnote omitted) and it is elemental that an objector at such a hearing is entitled to an opportunity to develop a record in support of his contentions ... [T]he court is obliged to determine whether the settlement has been influenced by fraud or collusion and whether it is fair, adequate and reasonable"). Here, in view of Slazenger's timely objection, the admitted self-dealing and alleged breach of

---

[8] To underscore this point, SGP and its Insiders granted the Committee an absolute right to block any settlement of the Contract Suit if unsecured creditors would realize an aggregate recovery of less than $1 million. (A 218, § 5). By keeping a majority of the Insider Settlement proceeds from the unsecured creditors, the Insiders have effectively raised the threshold for settling or otherwise disposing of the Contract Suit. This increased threshold is prejudicial to Slazenger.

9949501.7                                                                 8

fiduciary duty by SGP's Insiders and no showing to the contrary, the bankruptcy court abused its discretion by approving the Insider Settlement and denying Slazenger the opportunity to develop the record. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) ("the [trial court] did not live up to its fiduciary responsibility ... in approving the settlement based upon the inadequate record before it").

Rather than respond to Slazenger's showing of bad faith, SGP merely asserts that Slazenger has not identified any discovery that should have been allowed. (Answering Br. at 26). This statement is simply untrue. In its objection to the Insider Settlement Agreement, Slazenger requested that the Insiders appear and account for the artificial allocation of settlement proceeds.[9] (A 192, ¶ 13). Thus, the record was incomplete regarding the Insider Settlement.

In response, SGP argues that the comments of the Committee's counsel at the hearing made the record sufficient to approve the Insider Settlement. (Answering Br. at 23-24). Even if the Committee counsel's informal comments constitute evidence -- which they do not -- they raise more questions than they answer:

- Why is the case over if all $575,000 of the SGP/Slazenger settlement proceeds go to the estate?

- Why are law firms not interested in taking the Contract Suit litigation on a contingency or partial contingency basis?

- Is the agreement of the Benesch firm to defer its administrative claims tied to the $300,000 loan?

- If all the SGP/Slazenger settlement proceeds went to the estate, SGP could use $300,000 of the proceeds to fund the Contract Suit litigation and obtain 100% of any recovery without having to repay

---

[9] To this end, Slazenger sought to examine Richard Bongorno, SGP's Chief Executive Officer (also the CFO of Zapis), and Steven Sues, SGP's Chief Restructuring Manager, with respect to the facts alleged in SGP's settlement motion. (A 194-197).

9949501.7                                    9

> any loans. Why is it better to take a $300,000 loan and then have to hand over at least 75% of any recovery to the Insiders (after repayment of loan principal and interest)?

These questions and others can only be answered after a full record has been developed.

Additionally, none of the cases that SGP cites address a trial court's obligation to develop a record when a party challenges a settlement among insiders on grounds of bad faith and self-dealing.[10] Indeed, SGP cites to *In re Grant Broadcasting of Philadelphia*, 71 B.R. 390 (Bankr. E.D. Pa. 1987), which stresses the bankruptcy court's obligation to develop the record. In *Grant Broadcasting*, the bankruptcy court held a four-day evidentiary hearing on the approval of a settlement agreement, *Id.* at 394, reasoning as follows:

> [I]t was important for the Debtors to make a full record on this [settlement application] and for this Court to carefully consider the evidence presented by the Debtors in support of the [s]ettlement [a]greement, as well as allow the objecting creditors latitude in cross-examining ... witnesses and calling witnesses of their own, in deciding whether to approve the [s]ettlement [a]greement.

*Id.* at 396.

The bankruptcy court here unjustifiably failed to offer Slazenger the same opportunity. Slazenger showed the bankruptcy court that SGP and its Insiders acted in bad faith, breached their fiduciary duty, and engaged in self-dealing, failing to disclose material facts. (A 188-193). Neither SGP nor the Insiders disputed these allegations. The Insiders did not even appear at the settlement hearing or account for their actions.

---

[10] Although SGP cites cases to suggest that the bankruptcy court need not conduct a "mini-trial" at the settlement approval hearing, Slazenger has never proposed that the bankruptcy court conduct a "mini trial." Slazenger simply seeks to develop the record with evidence that will explain the circumstances surrounding the Insider Settlement Agreement and determine its fairness.

Given the unexplained circumstances surrounding the Insider Settlement Agreement and the settlement's benefit to the Insiders at the expense of the unsecured creditors and Slazenger, the bankruptcy court had an obligation to allow Slazenger to develop the record further. The bankruptcy court abused its discretion by denying Slazenger that opportunity and by approving the Insider Settlement Agreement without any support as to its fairness or reasonableness.

### D. No Cause Existed To Limit Notice For The Hearing On The Insider Settlement.

Although SGP argues that the bankruptcy court may reduce the time for giving notice of the Insider Settlement Agreement (Answering Br. at 25),[11] this argument is irrelevant because there was no "cause" for the reduction of time. *See* Fed. R. Bankr. P. 9006(c) ("the court *for cause shown* may ... order the [notice] period reduced") (emphasis added). In fact, SGP dodges the "cause" issue completely. SGP fails to explain what "cause" existed for shortening time. (Answering Br. at 25).[12] As set forth

---

[11] SGP peculiarly argues that Slazenger lacked standing to object to the limited notice after giving it such notice. This argument attempts to distract this Court from the true notice issues that Slazenger has raised. As discussed above, Slazenger clearly had standing to be heard in the bankruptcy court.

[12] The case that SGP cites to support the reduction of the notice period actually sets a higher standard for establishing cause than the mere lack of objection. *See Grant Broadcasting*, 71 B.R. at 396-97 ("[W]e consider satisfaction of notice requirements as very important and not to be compromised in the least unless exigent circumstances justifying an alteration are present . . . . In exercise of its discretion per Bankruptcy Rule 9006(c), a court must consider, primarily, the prejudice that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening the period."). Here, SGP has not identified any exigent circumstances for shortening time. Meanwhile, Slazenger and the bankruptcy court were forced to evaluate the terms of the Insider Financing on less than one day's notice. The prejudice thus outweighed SGP's explanation for expedited consideration.

in Slazenger's opening brief (at 22-23), SGP could have noticed the hearing without shortening time and without jeopardizing the Insider Settlement Agreement. Accordingly, the bankruptcy court erred when it approved the Insider Settlement Agreement on shortened notice without cause.

### E.  SGP's Motion To Approve The Insider Settlement Agreement Did Not Give Slazenger Required Notice Of The Insider Financing.

SGP fails to address Slazenger's showing that the Insider Financing is a transaction to obtain credit under 11 U.S.C. § 364(c) and thus subject to the notice requirements for debtor-in-possession financing. Neither does SGP address its failure to put forth any record in support of its request for relief under section 364(c).

Instead, SGP asserts merely in passing that the terms of the Insider Financing were disclosed in the motion to approve the Insider Settlement Agreement. (Answering Br. at 25 n.9). This was not the case. Indeed, even the bankruptcy court acknowledged that Slazenger (and the court) had not received the terms of the financing and the financing order until late in the day before the hearing approving the Insider Settlement Agreement, and that, until then, the court had questioned what the terms were:

> MR. COOK:  ... We didn't get the terms of the financing and the order until yesterday afternoon ...
>
> THE COURT: You make a good point. I didn't see them until I saw the order either and I was, quite frankly, a bit puzzled by the lack of detail in the motion itself.

(A 251, at 23:21-25; A 252, at 24:1). Accordingly, the bankruptcy court's approval of the Insider Financing on an expedited basis impermissibly violated the inflexible 15 day notice requirement under Federal Rule of Bankruptcy Procedure 4001(c)(2) for obtaining credit. The bankruptcy court thus erred as a matter of law when it approved the Insider Financing.

## III.
## CONCLUSION

Slazenger (i) had standing to challenge the Insider Settlement Agreement in the bankruptcy court, and (ii) has standing to maintain this appeal. For the reasons stated above and in Slazenger's opening brief, the Court must vacate the order of the lower court, and remand this matter, directing the bankruptcy court to: (i) allow Slazenger reasonable time to conduct discovery concerning the Insider Settlement Agreement and the Insider Financing; and (ii) consider the appropriate factual findings regarding the proposed Insider Settlement Agreement and Insider Financing.

Dated: Wilmington, Delaware
       August 30, 2005

                        Zuckerman Spaeder LLP

                        By: _/s/ Elizabeth D. Power_
                             Thomas G. Macauley (ID No. 3411)
                             Elizabeth D. Power (ID No. 4135)
                             919 Market Street, Suite 990
                             Wilmington, DE 19801
                             (302) 427-0400

                        -and-

                        Schulte Roth & Zabel LLP
                        Michael L. Cook (MLC-7887)
                        Sophie S. Kim
                        919 Third Avenue
                        New York, New York 10022
                        (212) 756-2000

                        -and-

Haynsworth Sinkler Boyd, P.A.
Andrew J. White, Jr.
Jesse C. Belcher
75 Beattie Place
Two Liberty Square
Greenville, South Carolina 29601
(864) 240-3200

Counsel for Slazengers Limited,
Dunlop Slazenger International
Limited, Dunlop Slazenger
Manufacturing LLC and Dunlop
Sports Group Americas, Inc.