IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SGP ACQUISITION, LLC, | ) | Case No. 04-13382 (PJW) |
| | ) | |
| _____Debtor. | ) | |
| | ) | |
| SLAZENGERS LIMITED; DUNLOP | ) | |
| SLAZENGER INTERNATIONAL | ) | Civ. No. 05-CV-563 (GMS) |
| LIMITED; DUNLOP SPORTS GROUP | ) | |
| AMERICAS, INC.; DUNLOP | ) | |
| SLAZENGER MANUFACTURING LLC, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| against | ) | |
| | ) | |
| SGP ACQUISITION, LLC; CREDITORS' | ) | |
| COMMITTEE OF SGP ACQUISITION, | ) | |
| LLC; PROVIDENT BANK; KIMOLOS II, | ) | |
| L.P.; ZAPIS CAPITAL; AND BENESCH, | ) | |
| FRIEDLANDER, COPLAN & | ) | |
| ARONOFF LLP, | ) | |
| | ) | |
| _____Appellees. | ) | |

REPLY BRIEF IN SUPPORT OF SLAZENGER'S
MOTION FOR A STAY PENDING APPEAL

SCHULTE ROTH & ZABEL LLP
Michael L. Cook
Sophie S. Kim
919 Third Avenue
New York, NY 10022
(212) 756-2000

HAYNESWORTH SINKLER BOYD, P.A.
Andrew J. White, Jr.
Jesse C. Belcher
75 Beattie Place
Two Liberty Square
Greenville, SC 296012
(864) 240-3200

ZUCKERMAN SPAEDER LLP
Thomas G. Macauley (No. 3411)
919 Market Street
Suite 990
Wilmington, DE 19801
(302) 427-0400

Dated:   September 2, 2005

9953408.2

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. SUMMARY ................................................................................................................... 1

III. REPLY ......................................................................................................................... 3

    A.    SGP's Assertions Of Technical Noncompliance With Bankruptcy Rules 8005 And 8011(d) Are Without Merit. ...................................................................... 3

          1.    Rule 8011(d) Is Not Applicable Because The Motion Has Not Been Treated As An "Emergency" Motion. .................................................. 3

          2.    Slazenger Complied With The Requirements Of Rule 8005. ................................ 3

    B.    Slazenger Has Standing To Appeal. ............................................................. 4

          1.    Slazenger Is A Person Aggrieved. ........................................................ 4

          2.    Slazenger Has Been Directly Affected Pecuniarily. ............................... 5

    C.    Slazenger's Likelihood Of Success On The Merits Is Clear. ........................ 6

          1.    Slazenger Remains A "Creditor" Of SGP. ........................................... 6

          2.    Slazenger's Strong Showing On The Merits Bolsters Its Showings On The Other Three Elements. .......................................................... 8

    D.    Slazenger Will Suffer Irreparable Harm Absent A Stay. ............................... 8

    E.    Some Delay To Unsecured Creditors Will Not Unfairly Prejudice Them. .................. 10

    F.    The Public Interest Strongly Favors A Hearing On The Merits. .................... 11

IV. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Advanced Mining Sys. Inc.,*
173 B.R. 467 (S.D.N.Y. 1994)...........................................................................................8

*In re Amatex Corp.,*
755 F.2d 1034 (3d Cir. 1985)............................................................................................5

*American Hosp. Assoc. v. Harris,*
625 F.2d 1328 (7th Cir. 1980) .........................................................................................8

*In re Country Squire Assocs. of Carle Place, LP,*
203 B.R. 182 (B.A.P. 2d Cir. 1996)............................................................................. 7-8

*General Motors Acceptance Corp. v. Dykes (In re Dykes),*
10 F.3d 184 (3d Cir. 1993)........................................................................................... 4-5

*Gross v. Stereo Component System, Inc.,*
700 F.2d 120 (3d Cir. 1983)...........................................................................................12

*Kos Pharm., Inc. v. Andrx Corp.,*
369 F.3d 700 (3d Cir. 2004).......................................................................................8, 10

*In re Lykes Bros. S.S. Co.,*
221 B.R. 881 (Bankr. M.D. Fla. 1997) .......................................................................9, 10

*Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.),*
689 F.2d 445 (3d Cir. 1982)..............................................................................................5

*In re Sofinet v. INS,*
188 F.3d 703 (7th Cir. 1999) ............................................................................................8

*In re Sphere Holding Corp.,*
162 B.R. 639 (E.D.N.Y. 1994) .........................................................................................4

*United States Trustee v. Official Comm. of Equity Security Holders (In re Zenith Electronics Corp.),*
329 F.3d 338 (3d Cir. 2003)..............................................................................................9

*Unofficial Comm. of Zero Coupon Noteholders v. Grand Union Co.,*
179 B.R. 56 (D. Del. 1995)...............................................................................................5

## FEDERAL STATUTES

## FEDERAL RULES

## LOCAL RULES

# I.
# INTRODUCTION

Slazenger[1] submits this reply brief in support of the motion pursuant to Fed. R.

Bankr. P. 8005 (the "Motion"), for a stay during the pendency of Slazenger's appeal of

the bankruptcy court's Order (A 256-79)[2] (i) approving the Insider Settlement Agreement

between SGP, its insiders Kimolos and Zapis and other parties in interest, and (ii)

approving the Insider Financing. Slazenger also responds to the arguments made by SGP

in its answering brief dated August 29, 2005 (the "Answering Brief") (D.I. 15),[3] joined by

the SGP creditors' committee ("Committee"). (D.I. 17).

# II.
# SUMMARY

SGP and the Committee oppose the Motion. Their primary arguments, with

Slazenger's reply, can be summarized as follows:

| SGP/Committee Response | Slazenger Reply |
|---|---|
| Slazenger's emergency motion does not comply with the technical requirements of Bankruptcy Rule 8011(d). (Answering Br. at 8). | Irrelevant. Slazenger's motion for a stay pending appeal has not been treated as an emergency motion, so any noncompliance with Rule 8011(d) did not prejudice SGP. |

---

[1]    Capitalized Terms not otherwise defined herein shall have the meaning ascribed to them in the Opening Brief in Support of Slazenger's Emergency Motion for Stay Pending Appeal, dated August 18, 2005 (D.I. 11) (the "Opening Brief" and cited as "Opening Br. at ___").

[2]    All "A" citations refer to the Appendix (D.I. 6). Numbers refer to the page(s) of the Appendix.

[3]    The Answering Brief is cited herein as "Answering Br. at ___."

| | |
|---|---|
| Slazenger's emergency stay motion does not comply with Bankruptcy Rule 8005 because Slazenger did not explain why the bankruptcy judge denied the stay. (Answering Br. at 9). | <u>Wrong.</u> In denying Slazenger's oral motion for a stay, the bankruptcy court merely stated, without explanation, after argument: "Okay. I'll deny it." (A 254, at 26:20). The entire transcript of the July 14 hearing is in the Appendix (A 229-255), which Slazenger expressly incorporated by reference. (Opening Br. at 1 n.1, 8). |
| Slazenger lacks standing to appeal because Slazenger is not a "person aggrieved." (Answering Br. at 13). | <u>Wrong.</u> The lower court improperly denied Slazenger's right to be heard, thereby prejudicing Slazenger's rights. |
| Because Slazenger relinquished all rights to recovery from SGP's bankruptcy estate, it is not a creditor within the meaning of the Code. (Answering Br. at 10-12). | <u>Wrong.</u> "Creditor" is defined as an entity such as Slazenger with "a claim against the debtor," <u>not</u> the bankruptcy estate. 11 U.S.C. § 101(10)(A). Slazenger is a creditor because its counterclaims against SGP – which include claims scheduled by SGP – "will survive and not be affected by [the SGP/Slazenger Settlement]." (A 137, ¶ 3). |
| The mere possibility that the appeal will be moot does not rise to the level of irreparable harm. (Answering Br. at 14). | <u>Mischaracterization.</u> Irreparable harm arises not just from the mootness of the appeal, but also from a tainted approval process for a collusive insider settlement, the bankruptcy court's exclusion of Slazenger, and the prejudice to the estate from a one-sided loan. |
| Slazenger will suffer no irreparable harm because, even if successful on appeal, Slazenger will not receive any affirmative recovery from SGP's bankruptcy estate. (Answering Br. at 16-17). | <u>Irrelevant.</u> Slazenger's recovery on its claims was addressed by the SGP/Slazenger Settlement, not the Order from which Slazenger appeals. |
| A stay will prejudice SGP's creditors by delaying distributions, increasing administration costs and making discovery in the Contract Suit more difficult. (Answering Br. at 18-19). | <u>Wrong.</u> Any delay will be inconsequential because SGP's bankruptcy case is relatively new; SGP delayed prosecution of the Contract Suit for nine months and SGP should already have most of its evidence in the Contract Suit if it is truly SGP's most significant asset. A stay will reduce administrative costs by maintaining the status quo and preventing dissipation of SGP's assets. Moreover, because briefing is complete on the merits of the appeal and on Slazenger's motion to expedite consideration of the appeal, any delay will likely be minimal. |
| The public interest favors denial of a stay because a stay may prevent prosecution of the Contract Suit. (Answering Br. at 19-20). | <u>Red Herring.</u> A stay and a successful appeal by Slazenger will not affect the funding for the Contract Suit; it will only affect the lender's identity and the terms of the financing. Indeed, the public interest certainly favors a fair, open process for court approval of any settlement. |

9953408.2

## III.
## REPLY

**A.      SGP's Assertions Of Technical Noncompliance With**
**Bankruptcy Rules 8005 And 8011(d) Are Without Merit.**

As a matter of procedure, SGP argues that the Motion does not comply with the requirements of Bankruptcy Rules 8005 for a stay pending appeal and 8011(d) for an emergency motion. (Answering Br. at 8-9). SGP's argument is without merit because (a) the Motion has not been treated as an emergency motion and (b) Slazenger has complied with Rule 8005's requirements.

### 1.      Rule 8011(d) Is Not Applicable Because The Motion Has Not Been Treated As An "Emergency" Motion.

SGP complains that Slazenger has not complied with the requirements for an emergency motion. *See* Fed. R. Bankr. P. 8011(d). Although the Motion was styled as an emergency motion, it has not been treated as such because SGP had ten business days to respond to the Motion. *See* Del. Dist. LR 7.1.2(a); D.I. 11 (noting that the Answering Brief was due on September 1, 2005). Accordingly, there was no prejudice to SGP by Slazenger's noncompliance with Rule 8011(d)'s requirements of an affidavit and an explanation of how opposing counsel was notified.[4]

### 2.      Slazenger Complied With The Requirements Of Rule 8005.

SGP also complains that Slazenger has not complied with Bankruptcy Rule 8005 because Slazenger did not address why the bankruptcy court denied Slazenger's motion for a stay. (Answering Br. at 9). This hypertechnical argument ignores the circumstances under which Slazenger made its stay request. At the hearing on July 14,

---

[4]    In its response to Slazenger's motion for expedited consideration of the appeal, SGP argues that Slazenger should have filed a motion for a stay pending appeal instead (D.I. 9, at ¶ 3). Thus, SGP cannot claim to have been surprised when Slazenger filed the Motion just six days later.

9953408.2

3

2005, the bankruptcy court refused to hear Slazenger on the merits of its objection to the Insider Settlement Agreement (A 250 at 22:21-22 ("I conclude that [Slazenger] is a stranger to this settlement agreement.")).  To expedite its ability to appeal, Slazenger then made an oral motion for a stay pending appeal (A 252 at 24:2-10).  After hearing brief argument, the Court simply said without explanation: "Okay, I'll deny it." (A 254 at 26:20).  Since the bankruptcy court did not specifically set forth its reasons for denying the stay, Slazenger was accurate in characterizing the bankruptcy court's denial of the stay request.

Moreover, the hearing transcript is part of the Appendix to Slazenger's Opening Brief on the merits of the appeal, which Slazenger expressly incorporated by reference for consideration of the Motion.  (Opening Br. at 1 n.1, 8).  Thus, the hearing transcript is readily available for this Court's review and consideration.  Slazenger has therefore complied with Rule 8005.  *See In re Sphere Holding Corp.*, 162 B.R. 639, 641-42, 645 (E.D.N.Y. 1994) (granting debtor's motion for order under Bankruptcy Rule 8005 when debtor affixed to the motion a copy of bankruptcy court's explanation for denying relief).

**B.      Slazenger Has Standing To Appeal.**

**1.      Slazenger Is A Person Aggrieved.**

SGP argues that Slazenger lacks standing to appeal because it is not a "person aggrieved." (Answering Br. at 13).  SGP's argument misses the mark.  In issuing the Order, the bankruptcy court denied Slazenger its absolute right as a creditor to be heard under 11 U.S.C. § 1109(b).  (A 250, at 22:20-22; A 251, at 23:13-14) ("Slazenger … is a stranger to this settlement agreement" and depriving it of a chance to develop the record).

The Third Circuit considers a person aggrieved if the bankruptcy court order "diminishes [its] property, increases [its] burdens *or impairs [its] rights.*" *General*

9953408.2

4

*Motors Acceptance Corp. v. Dykes (In re Dykes)*, 10 F.3d 184, 187 (3d Cir. 1993) (emphasis added). Slazenger's absolute right to be heard was impaired when the bankruptcy court refused to consider Slazenger's objection. Accordingly, Slazenger was aggrieved by the bankruptcy court's ruling that Slazenger lacked standing to object.

Courts have routinely heard appeals and impliedly found appellate standing when the appellate courts concluded that the appellants were wrongly denied standing below. *See, e.g., In re Amatex Corp.*, 755 F.2d 1034, 1041-43 (3d Cir. 1985) (bankruptcy court found class of future asbestos claimants lacked standing; court of appeals implied appellate standing and reversed); *Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.)*, 689 F.2d 445, 446, 447 (3d Cir. 1982) (bankruptcy court denied creditors' committee right to intervene; both district court and Third Circuit implied appellate standing and reversed); *Unofficial Committee of Zero Coupon Noteholders v. Grand Union Co.*, 179 B.R. 56, 59 (D. Del. 1995) (bankruptcy court denied zero coupon noteholders of debtor's parent standing; district court implied appellate standing and reversed). This Court should likewise find appellate standing as a result of the bankruptcy court's improper denial of Slazenger's statutory right to be heard.

### 2. Slazenger Has Been Directly Affected Pecuniarily.

Slazenger also has a direct pecuniary interest in the Insider Settlement Agreement and the Insider Financing. Kimolos, an SGP Insider, has guaranteed to Provident Bank SGP's $600,000 post-bankruptcy facility and an approximately $2.4 million pre-bankruptcy facility (the "Kimolos Guaranty"). (A 118-119, at 93:10-94:5). The SGP/Slazenger Settlement provided SGP with $575,000, but the collusive Insider Settlement Agreement allocates $290,000 to the License dispute (A 191, ¶ 8) -- self-servingly benefiting Kimolos by reducing its exposure on the Kimolos Guaranty. Each

9953408.2

5

dollar from the SGP/Slazenger Settlement proceeds improperly diverted to the Insiders represents one more dollar that SGP and the unsecured creditors will have to seek to recover in the Contract Suit.[5] Thus, the improper allocation of the SGP/Slazenger Settlement proceeds, as contemplated by the Insider Settlement Agreement, will directly affect Slazenger's pecuniary interest. Slazenger therefore has standing to maintain this Appeal.

## C.    Slazenger's Likelihood Of Success On The Merits Is Clear.

Slazenger set forth three reasons why its likelihood of success on the merits is clear. (Opening Br. at 8-10). First, Slazenger had an absolute right to object to the Insider Settlement Agreement because Slazenger is a "creditor." (*Id.* at 8-9). Second, the bankruptcy court abused its discretion in the face of Slazenger's objection by approving the Insider Settlement Agreement on an inadequate record and without requiring proof that the transaction was inherently fair. (*Id.* at 9). Third, the bankruptcy court committed clear error by approving the Insider Financing without any notice or any record. (*Id.*).

In its Answering Brief, SGP fails to respond to Slazenger's second and third arguments. Although SGP does respond to Slazenger's first argument, that response is meritless. Accordingly, it is clear that Slazenger should succeed on the merits.

### 1.    Slazenger Remains A "Creditor" Of SGP.

SGP argues that Slazenger did not have standing to object to the proposed settlement between SGP and the Insiders because Slazenger "relinquished all rights to

---

[5]    To underscore this point, SGP and its Insiders granted the Committee an absolute right to block any settlement of the Contract Suit if unsecured creditors would realize an aggregate recovery of less than $1 million. (A 218, § 5). By keeping a majority of the Insider Settlement proceeds from the unsecured creditors, the Insiders have effectively raised the threshold for settling or otherwise disposing of the Contract Suit. This increased threshold is prejudicial to Slazenger.

9953408.2

6

recovery from SGP's bankruptcy estate." (Answering Br. at 10). But Slazenger's ability to collect from SGP's bankruptcy estate is irrelevant to determining whether Slazenger is a "creditor." Slazenger still has a claim against SGP that arose before the Petition Date.[6] *See* 11 U.S.C. § 101(10)(A) (defining "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor") (emphasis added). Slazenger has asserted those claims against SGP as counterclaims in the Contract Suit and has asserted additional post-bankruptcy royalty claims and contract damage claims.

The clear language in paragraph 3 of the SGP/Slazenger Settlement expressly provides for the "Survival of Contract Suit Claims, Counterclaims, Defenses and Offsets." (A 137, ¶ 3 (emphasis in original)). As the first sentence of the paragraph confirms: "The Contract Suit, the Slazenger Group counter-claims and all defenses and offsets assertable by all parties in the Contract Suit will survive and not be affected by this agreement." (*Id.* (emphasis added)). Thus, Slazenger remains a creditor with claims against SGP after the implementation of the SGP/Slazenger Settlement.

Since Slazenger had standing to object to the Insider Settlement Agreement and the Insider Financing, the bankruptcy court clearly erred by approving them on an inadequate or nonexistent record in the face of Slazenger's objection. Accordingly, Slazenger has a strong likelihood of success on the merits. *See In re Country Squire Assocs. of Carle Place, LP*, 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996) (finding a

---

[6]    Slazenger was admittedly a substantial creditor of SGP (holding about 42% of SGP's unsecured debt -- $2.8 million of $6.6 million in liabilities) on the Petition Date. (Schedules of Assets and Liabilities, Schedule F [Bankr. D.I. 116]).

substantial possibility of success on appeal when bankruptcy court entered order without evidentiary basis).

> **2.    Slazenger's Strong Showing On The Merits Bolsters Its Showings On The Other Three Elements.**

SGP argues that Slazenger must make a showing on all four factors to obtain a stay. (Answering Br. at 18). Slazenger does not dispute that point. (Opening Br. at 7-8). Nevertheless, in balancing the four factors, this Court should realize that a strong showing on the merits lessens the required showings on the other elements. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 729 (3d Cir. 2004) ("'[T]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor.'") (citation omitted); *In re Sofinet v. INS,* 188 F.3d 703, 707 (7th Cir. 1999) ("These factors do not have absolute weights. Instead, this court uses a sliding scale approach, under which 'the more likely it is that plaintiff will succeed on the merits, the less the balance of irreparable harms need weigh towards its side . . . .'") (citations omitted).

**D.    Slazenger Will Suffer Irreparable Harm Absent A Stay.**

SGP argues that the mere risk that the appeal will be moot is insufficient to establish irreparable harm. (Answering Br. at 14). As the cases cited by both SGP and Slazenger demonstrate, however, the irreparable harm arises not only from the potential mootness of the appeal but also from this Court's inability to remedy the harm. *See American Hosp. Assoc. v. Harris*, 625 F.2d 1328, 1331 (7th Cir. 1980) ("Only harm that the district court cannot remedy following a final determination on the merits may constitute irreparable harm."); *In re Advanced Mining Sys., Inc.*, 173 B.R. 467, 469 (S.D.N.Y. 1994) (finding that denial of a recovery resulting from mootness of an appeal to be "a quintessential form of prejudice").

9953408.2

In this case, irreparable harm would result if SGP borrows and expends funds under the Insider Financing because it is likely those funds cannot be recovered if already expended when this Court decides the appeal. Interestingly, SGP does not argue to the contrary. Rather, SGP argues that the Court could grant effective relief by prohibiting Kimolos from making further advances. (Answering Br. at 16). This misses the point: it is the inability to recover the funds already advanced by Kimolos that constitutes the irreparable harm.[7]

To this end, SGP argues that funds disbursed to professionals "could conceivably be subject to disgorgement." (Answering Br. at 16). For this proposition, SGP cites to *United States Trustee v. Official Comm. of Equity Security Holders (In re Zenith Electronics Corp.)*, 329 F.3d 338 (3d Cir. 2003), where the court held that an appeal of a fee order was not moot. The Order from which Slazenger appeals, however, is not an order approving a fee application; it is a financing order. SGP offers no elaboration on how Slazenger can use the appeal of the Order to attack collaterally the fees incurred by SGP's litigation counsel in the Contract Suit.

Finally, SGP argues that Slazenger cannot show irreparable harm because, even if Slazenger is successful on appeal, it nevertheless will not obtain an affirmative recovery from SGP's bankruptcy estate. (Answering Br. at 17). In support, SGP relies on *In re Lykes Bros. S.S. Co.*, 221 B.R. 881 (Bankr. M.D. Fla. 1997), which denied a stay to a creditor whose claim was denied priority because the creditor would not be entitled to any recovery even if successful on appeal. In this case, however, Slazenger's appeal is

---

[7]    Irreparable harm also arises from a tainted approval process for a collusive insider settlement, the bankruptcy court's exclusion of Slazenger, and the prejudice to SGP's estate from a one-sided loan.

9953408.2

9

not about obtaining a recovery on its claims; that issue was resolved by the

SGP/Slazenger Settlement (*i.e.*, Slazenger's "counter-claims and all defenses and offsets

… survive …" (A 137, ¶ 3)). Instead, the appeal seeks to prevent the disbursement of

funds that cannot be subsequently recovered. Accordingly, *Lykes Bros.* has no relevance.

**E.    Some Delay To Unsecured Creditors Will Not Unfairly Prejudice Them.**

SGP argues that a stay will prejudice creditors by delaying ultimate distributions

to creditors, increasing the costs of administration and making discovery in the Contract

Suit more difficult. (Answering Br. at 19). Each of SGP's concerns is meritless.

First, any delay in making distributions to creditors is inconsequential and not

unexpected. SGP's bankruptcy case has been pending for barely nine months. As this

Court knows, distributions to creditors often do not occur in liquidation cases until all

litigation (including preference actions) have been commenced and prosecuted. Given

that SGP can commence preference actions until November 30, 2006, *see* 11 U.S.C. §

546(a), and that SGP has not commenced any such actions to date other than two actions

against Slazenger, which have since been settled, it is quite apparent that SGP's creditors

will not be receiving any distribution for several years.

Second, SGP does not explain how a stay will increase the costs of

administration. A stay will actually decrease costs, however, because the purpose of a

stay is to maintain the status quo and prevent any dissipation of SGP's assets. *See Kos*

*Pharm., Inc. v. Andrx Corp.,* 369 F.3d 700, 729 (3d Cir. 2004) (noting the goal of a

preliminary injunction is to maintain the status quo).

Third, the short delay in the prosecution of the Contract Suit will not prejudice

SGP since, if "[t]he Contract Suit is the estate's most significant, unliquidated asset"

(Answering Br. at 18), SGP presumably would already have most of its evidence for its

9953408.2

10

claims.  To the extent that SGP needs further discovery, the brief delay in unnecessarily

expensive financing should not prejudice SGP.  Pre-trial discovery is in fact underway.

In any event, since SGP delayed prosecution of the Contract Suit for nine months when it

had financing from Provident Bank, SGP's claim of prejudice should ring hollow.

Finally, Slazenger has moved to expedite consideration of this appeal, and all

briefing on the merits of the appeal is now complete.  Accordingly, the time necessary for

this Court to rule on the appeal will not materially affect the timeline on which creditors

will ultimately receive their distributions or the prosecution of the Contract Suit.[8]

## F.    The Public Interest Strongly Favors A Hearing On The Merits.

SGP argues that a stay will be tantamount to a default judgment by jeopardizing

SGP's prosecution of the Contract Suit.  (Answering Br. at 19-20).  SGP's concern is

illusory.  A stay may ultimately cause SGP to disclose the details of its efforts to obtain

financing, but SGP cannot argue with a straight face that it would ultimately be denied

funding.  Rather, the only questions are who will be the lender and what will be the

financing terms.

Interestingly, SGP's analogy to a default judgment is much more applicable to

Slazenger's predicament.  The bankruptcy court denied Slazenger an opportunity for a

hearing on the merits, and absent a stay, Slazenger's efforts to obtain such a hearing will

be fruitless if SGP borrows and expends most of the funds from the Insider Financing.

Indeed, the public interest certainly favors a fair, open process for the Court approval of

any settlement.  Accordingly, the public interest disfavoring default judgments strongly

---

[8]    Notwithstanding SGP's struggles to show how a short delay equates to prejudice,
       SGP is not arguing that Slazenger must post a bond as a condition to a stay.  SGP's
       non-objection on the bond requirement is noteworthy because a bond is only
       necessary when creditors will be prejudiced.  (Opening Br. at 12).

9953408.2

favors giving Slazenger the opportunity to be heard on the merits. *See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (expressing preference for disposing cases on their merits rather than technical irregularities).

## IV.
## CONCLUSION

For the foregoing reasons, the Court should enter a stay of the Order pending disposition of the appeal and grant to Slazenger such other and further relief as is just.

Dated:  Wilmington, Delaware
        September 2, 2005

Zuckerman Spaeder LLP

By:   *Elizabeth D. Power*
      Thomas G. Macauley (ID No. 3411)
      Elizabeth D. Power (ID No. 4135)
      919 Market Street, Suite 990
      Wilmington, DE 19801
      (302) 427-0400

-and-

Schulte Roth & Zabel LLP
Michael L. Cook (MLC-7887)
Sophie S. Kim
919 Third Avenue
New York, New York 10022
(212) 756-2000

-and-

Haynsworth Sinkler Boyd, P.A.
Andrew J. White, Jr.
Jesse C. Belcher
75 Beattie Place
Two Liberty Square
Greenville, South Carolina 29601
(864) 240-3200

Counsel for Slazengers Limited,
Dunlop Slazenger International
Limited, Dunlop Slazenger
Manufacturing LLC and Dunlop
Sports Group Americas, Inc.

9953408.2

12