**BENESCH**
Friedlander Coplan & Aronoff LLP
Attorneys at Law

*Mark A. Phillips*
Writer's Direct Dial: (216) 363-4153
Writer's Email: mphillips@bfca.com

December 23 2005

**VIA OVERNIGHT DELIVERY**

The Honorable Gregory M. Sleet
United States District Judge
United States District Court
 for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4324
Lockbox 19
Wilmington, Delaware 19801

      Re:   *Slazengers Limited, et al. v. SGP Acquisition, LLC, et al., Case No. 05-00563 (GMS)*

Dear Judge Sleet:

      As counsel to SGP Acquisition, LLC, debtor and debtor-in-possession and appellee in above-referenced appeal (the "Debtor"), we are in receipt of the correspondence sent to you on December 16, 2005, by counsel for Appellants purporting to bring to your attention the decision in *Smart World Technologies, LLC v. Juno Online Services, Inc. (In re Smart World Technologies, LLC)*, 423 F.3d 166 (2nd Cir. 2005).

      Appellants' apparent reliance on *Smart World* as persuasive authority in connection with this appeal is clearly misplaced. The issue considered and decided by the Court of Appeals for the Second Circuit was whether certain creditors of Smart World Technologies had "derivative standing" to settle "without Smart World's participation and over Smart World's objections" an adversary proceeding that had been brought by that debtor. 423 F.3d 173-74. As the appellate court noted in answering this question in the negative, the case was "a poster child for why the [Bankruptcy] Code and Rule 9019 authorize only the debtor-in-possession to pursue or settle the estate's legal claims and why the derivative-standing exception to that policy is narrow. . . ." *Id.* at **179-80.**

      No similar legal issue is presented in this appeal. Moreover, the factual record and procedural posture of the instant case are markedly dissimilar from those of *Smart World*, making it difficult to draw guidance of any sort from the Second Circuit's opinion for purposes of this appeal. Here, the bankruptcy court was presented with a settlement negotiated and agreed to by all of the key parties in the case -- the Debtor, its committee of unsecured creditors, its secured lender,

2300 BP Tower | 200 Public Square | Cleveland, Ohio 44114-2378 | Phone: (216) 363-4500 | Fax: (216) 363-4588 | www.bfca.com

Cleveland | Columbus

Honorable Gregory M. Sleet
December 23, 2005
Page 2

its equity holders and its professionals -- regarding the allocation and distribution of estate assets and the terms of supplemental funding for the continued prosecution of the case (the "Settlement"). The concerns expressed by the *Smart World* court with respect to the lack of a "more fully developed record" regarding the merits and value of Smart World's adversary claims have absolutely no application in the context of this consensual resolution addressing the ongoing administration of the Debtor's estate.

Further, as the bankruptcy court recognized, the only entities whose interests were in conflict with those of the Debtor's estate regarding the subject matter of the Settlement were Appellants. As defendants in an adversary proceeding brought by the Debtor, Appellants had much the same incentive in objecting to the Settlement as WorldCom did in trying improperly to settle the adversary proceeding at issue in *Smart World* without the debtor's involvement -- "to swiftly end the bankruptcy proceedings" and avoid an adverse judgment. 423 F.3d at 179. Indeed, since Appellants had previously agreed to withdraw and not assert their claims in the Debtor's bankruptcy case and were thus, in the words of the bankruptcy court, "strangers" to the Settlement and the bankruptcy proceeding, their only interest in opposing the Settlement was to thwart the continued prosecution of the Debtor's claims against them.

In sum, if *Smart World* has any significance to this case, it teaches that the interests and motivations underlying Appellants' position are relevant considerations in evaluating the merits of their objection to the Settlement and speaks directly to its illegitimate nature. It provides no support for the proposition that the bankruptcy court's order approving the Settlement should be vacated or modified in any respect.

Very truly yours,

Mark A. Phillips
Pro Hac Admission Pending

cc: Josef S. Athanas
David L. Buchbinder
Michael L. Cook
William E. Coughlin
Thomas G. Macauley
Francis A. Monaco, Jr.
Frederick B. Rosner
Todd C. Schlitz
Diana M. Thimmig